**AKERMAN SENTERFITT LLP**
KAREN PALLADINO CICCONE (SBN 143432)
Email: karen.ciccone@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, CA 90017
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

TAYLOR L. BROADHEAD (SBN 268224)
Email: taylor.broadhead@akerman.com
350 East Las Olas Boulevard, Suite 1600
Fort Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile:  (954) 463-2224

Attorneys for Defendants
BANK OF AMERICA, N.A.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| JAY TA-CHIEH YEH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., a business entity; GREEN TREE SERVICING, LLC, a business entity; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 3:12-cv-05940-EDL<br><br>[Assigned to the Hon. Elizabeth D. Laporte]<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>Document Filed Herewith:<br>1. Request for Judicial Notice<br>2. [Proposed] Order<br><br>Hearing Date:  January 22, 2013<br>Time:            9:00 a.m.<br>Ctrm.:           E<br><br>Complaint Filed: October 22, 2012<br>Trial Date:        None |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 - FAX: (213) 627-6342

**TO THE COURT AND ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 22, 2013 at 9:00 a.m., or as soon thereafter as may be heard, in Courtroom E of the above-entitled Court located at 450 Golden Gate Ave., San Francisco, California 94102, defendant Bank of America, N.A. (**BANA** or **defendant**) will and hereby does move this Court to dismiss the complaint (**complaint** or **compl.**) filed by plaintiff Jay Ta-Chieh Yeh (**plaintiff**), with prejudice.

This motion seeks dismissal under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, on the basis that it fails to state a claim upon which relief may be granted and the complaint is barred as a matter of law against BANA.

This motion is based upon this notice, the attached memorandum of points and authorities, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

Dated: December 11, 2012                    Respectfully submitted,

**AKERMAN SENTERFITT LLP**


By: *s/ Karen Ciccone*
         Karen Ciccone
         Taylor Broadhead
         Attorney for Defendants
         BANK OF AMERICA, N.A

1
2

# TABLE OF CONTENTS

3   I. INTRODUCTION ...................................................................................1

4   II. FACTUAL SUMMARY .........................................................................2

    III. LEGAL STANDARD ON MOTION TO DISMISS................................3

5   IV. LEGAL ARGUMENT.............................................................................4

6          **A.**   The Failure to Tender Bars Plaintiff's Equitable Claims ...........4

7          **B.**   Plaintiff's Claims Each Fail Individually .................................6

8                 **1)**   Plaintiff's Claim for Breach of the Covenant of Good Faith
                          and Fair Dealing Fails

9                 **2)**   Plaintiff's Promissory Estoppel Claim Fails .....................9

                  **3)**   Plaintiff's Claim for Violation of *Civil Code* Section 2923.5

10                        Fails ...............................................................................11

11                **4)**   Plaintiff's Breach of Contract Claim Fails .....................12

12                **5)**   Plaintiff's Reformation of Contract Claim Fails .............13

13                **6)**   Plaintiff's False Light Claim Fails .................................15

14                **7)**   Plaintiff's Elder Abuse Claim Fails................................16

                  **8)**   Plaintiff's Intentional and Negligent Misrepresentation
15                        Claims Fail ....................................................................17

                  **9)**   Plaintiff's Claim for Violation of *Business & Professions*
16                        *Code* § 17200 Fails .......................................................19

17                **10)**  Plaintiff's Quiet Title Claim Fails ................................20

    V. CONCLUSION.....................................................................................21

18
19
20
21
22
23
24
25
26
27
28

AKERMAN SENTERFITT LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{25539120;1}

i

CASE NO. 3:12-CV-05940-EDL

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Abdallah v. Un. Sav. Bank,*
  43 Cal.App.4th 1101 (1996) .................................................................................. 6

*Abramson v. Juniper Networks, Inc.*
  115 Cal.App.4th 638 (2004) ................................................................................ 14

*Agbabiaka v. HSBC Bank USA Nat'l Ass'n,*
  2010 WL16009974, at *6 (N.D. Cal. April 20, 2010) ......................................... 5

*Alicea v. GE Money Bank,*
  No. C 09-00091 SBA, 2009 WL 2136969 (N.D. Cal. July 16, 2009) ..................... 5

*Anaya v. Advisors Lending Group,*
  No. CV F 09-1191 LJO DLB, 2009 WL 2424037 (E.D. Cal. Aug. 5, 2009) ............. 5

*Anderson v. Angelone,*
  86 F.3d 932 (9th Cir. 1996) .................................................................................. 3

*Arnolds Mgmt. Corp. v. Eischen,*
  158 Cal.App.3d 575 (1984) .................................................................................. 5

*Ashcroft v. Iqbal,*
  129 S.Ct. 1937, 1949 (2009) ................................................................................ 3

*Birdsong v. Apple, Inc.,*
  590 F.3d 955, 959-960 (9th Cir. 2009) ............................................................... 19

*Carma Developers (California), Inc. v. Marathon Development California, Inc.,*
  2 Cal.App.4th 342 (1992) ..................................................................................... 7

*Carter v. Prime Healthcare,*
  198 Cal.App.4th 396, 407 (2011) ........................................................................ 16

*Cel-Tech Comm. v. L.A. Cellular Tel. Co.,*
  20 Cal.4th 163, 180 (1999) ................................................................................. 19

*Clegg v. Cult Awareness Network*
  18 F.3d 752, 754-755 (9th Cir. 1994) .................................................................. 3

*Covenant Care, Inc. v. Superior Court,*
  32 Cal.4th 771, 790 (2004) ................................................................................. 16

*Distor v. US Bank N.A.*
  No. C 09-02086 SI, 2009 U.S. Dist. LEXIS 98361, at *17-18 (N.D. Cal. Oct. 22,
  2009) .................................................................................................................... 21

*El-Aheidab v. CitiBank, NA,*
  2012 WL 871321, at *6-9 (N.D. Cal. Feb. 15, 2012) .......................................... 15

*Fin. Sec. Assurance, Inc. v. Stephens, Inc.,*
  450 F.3d 1257 (11th Cir. 2006) ............................................................................ 4

*G.D. Searle & Co. v. Superior Court*
  49 Cal.App.3d 22 (1975) .................................................................................... 18

*Glen Holly Ent'mt, Inc. v. Tektronix, Inc.,*
  100 F. Supp. 2d 1086, 1101 (C.D. Cal. 1999) ................................................... 10

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Gutierrez v. Wells Fargo Bank,*
  No. C 08-5586 SI, 2009 WL 322915 at *5 (N.D. Cal. Feb. 9, 2009) ..................... 8

*Humboldt Sav. Bank v. McCleverty,*
  161 Cal.285 (1911) ........................................................................................... 5

*In re GlenFed, Inc. Sec. Litig.*
  42 F.3d 1541, 1547-48 (9th Cir.1994) (en banc) ........................................... 18

*Jump v. Aurora Loan Servs. LLC, et al.,*
  No. 09 cv 189 W (NLS), 2009 WL 2020128 (S.D. Cal. July 10, 2009) ............ 6

*Kajima/Ray Wilson v. Los Angeles County Metropolitan Transportation Authority,*
  23 Cal.4th 305, 1 P.3d 63 (2000) ..................................................................... 9

*Karlsen v. American Savings and Loan Assoc.,*
  15 Cal.App.3d, 112, 117-118 (1971) ................................................................. 5

*Khoury v. Maly's of Cal.,*
  14 Cal.App.4th 612, 619 (1993) ....................................................................... 19

*Kim v. Sumitomo Bank,*
  17 Cal. App. 4th 974, 979 (1993) ....................................................................... 9

*Knievel v. ESPN,*
  393 F.3d 1068 (9th Cir. 2005) .......................................................................... 4

*Kruse v. Bank of America,*
  202 Cal.App.3d 38, 54 (1988) ........................................................................... 9

*Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.,*
  416 F.3d 940, 946 (9th Cir. 2005) ..................................................................... 4

*Locke v. Wells Fargo,*
  2010 WL 4941456
  (S.D. Fla. Nov. 30, 2010) ................................................................................ 10

*Lorenz v. Sauer,*
  807 F.2d 1509, 1511-12 (9th Cir. 1987) .......................................................... 17

*Lyons v. Bank of Am., NA,*
  11-01232 CW, 2011 WL 3607608 (N.D. Cal. Aug. 15, 2011) .......................... 20

*Mabry v. Sup. Ct.*
  185 Cal.App.4th 208, 235 (2010) ..................................................................... 11

*Miller v. Bank of America,*
  2012 WL 871321, at *6-8 (S.D. Cal. March 14, 2012) ......................... 5, 6, 15

*Mix v. Sodd,*
  126 Cal.App.3d 386, 390 (1991) ....................................................................... 20

*Montoya v. Countrywide Bank,*
  No. C09-00641 JW, 2009 WL 1813973 (N.D. Cal. June 25, 2009) .................. 6

*Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs.,*
  171 Cal.App.4th 35, 50 (Ct. App. 2009) .......................................................... 17

*Neilson v. Union Bank of Cal.,*
  290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ................................................. 17

*Neubronner v. Milken*
  6 F.3d 666, 671-672 (9th Cir.1993) ................................................................. 18

*Nymark v. Heart Fed. Sav. & Loan Ass'n,*
  231 Cal. App. 3d 1089, 1096 (1991) ................................................................. 9

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 - FAX: (213) 627-6342

*Odinma v. Aurora Loan Services,*
No. C-09-4674 EDL, 2010 WL 1199886 (N.D. Cal. Mar. 23, 2010).......................... 6

*Parada v. Superior Court,*
176 Cal.App.4th 1554, 1573 (2009)........................................................................ 14

*Parrino v. FHP, Inc.,*
146 F.3d 699 (9th Cir. 1998)..................................................................................... 4

*Pension Trust Fund for Operating Engineers v. Fed. Ins. Co.,*
307 F.3d 944 (9th Cir. 2002)..................................................................................... 7

*Permpoon v. Wells Fargo Bank Nat'l Ass'n,*
No. 09-CV-01140-H (BLM), 2009 U.S. Dist. LEXIS 89723, at *15 (S.D. Cal. Sept.
29, 2009)................................................................................................................. 20

*Price v. Wells Fargo Bank,*
213 Cal. App. 3d 465, 476 (1989)......................................................................... 8, 9

*Racine & Laramie, Ltd., Inc. v. Dept. of Parks and Recreation,*
11 Cal.App.4th 1026 (1992)...................................................................................... 7

*Saldate v. Wilshire Credit Corp.,*
686 F.Supp.2d 1051 (E.D. Cal. 2010)....................................................................... 5

*Sanai v. Saltz,*
170 Cal.App.4th 746 (2009).................................................................................... 15

*Shimpones v. Stickney,*
219 Cal. 637, 649 (1934)......................................................................................... 20

*SPCI RE-HAB 01 v. E & G Invs., Ltd.,*
207 Cal.App.3d 1018 (1989)..................................................................................... 6

*Storek & Storek, Inc. v. Citicorp Real Estate, Inc.,*
100 Cal.App.4th 44 (2002)........................................................................................ 7

*Tarmann v. State Farm Mutual Automobile Ins. Co.*
2 Cal.App.4th 153 (1991)........................................................................................ 18

*Toscano v. Greene Music,*
124 Cal. App. 4th 685, 692 (2004)............................................................................ 9

*U.S. Cold Storage California v. Great W. Sav. & Loan Assoc.,*
165 Cal.App.3d 1214 (1985)..................................................................................... 5

*Vasquez v. L.A. County*
487 F.3d 1246, 1258 (9th Cir. 2007)......................................................................... 4

*Wall Street Network, Ltd. v. New York Times Co.,*
164 Cal.App.4th 1171, 1178 (2008)........................................................................ 12

*Williams v. Countrywide Home Loans,*
No. C 99-0242 SC, 1999 WL 740375 (N.D. Cal. Sept. 15, 1999) ............................ 6

*Williams v. Koenig,*
219 Cal.656 (1934).................................................................................................... 5

*Yerkovich v. MCA, Inc.,*
11 F. Supp. 2d 1167 (C.D. Cal. 1997)..................................................................... 13

**Statutes**

*Bus. & Prof. Code § 17204* ....................................................................................... 19

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 3:12-CV-05940-EDL

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Cal. Civ Proc. Code* § 343 ................................................................................. 13

*Cal. Civ. Proc. Code* § 337 ............................................................................... 13

*Code of Civil Procedure* § 760.020 .................................................................. 20

*Welf. & Inst. Code* § 15610.30(a) ...................................................................... 16

**Other Authorities**

4 Miller & Starr, Cal. Real Estate
   (2d ed. 1989) § 9:154 ....................................................................................... 5

Miller & Starr, California Real Estate (3d ed. 2000),
   Deeds of Trust, § 10:212 ................................................................................. 6

**Rules**

Federal Rule of Civil Procedure 9(b)................................................................. 18

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Jay Ta-Chieh Yeh (**plaintiff**) obtained a $681,500 loan secured by a deed of trust on property located at 1231 Swordfish Street, Foster City, California 94404 in 2007. Plaintiff admittedly ceased making payments on his loan, and has not made a payment in over two years. Accordingly, foreclosure proceedings were initiated. Eventually, the property was sold at a trustee's sale in May 2012. Notwithstanding, plaintiff brings this lawsuit to set aside the trustee's sale and essentially award plaintiff a free home.

Plaintiff's boilerplate complaint alleges eleven causes of action based on a vaguely asserted set of erroneous facts which bear little resemblance to the actual events surrounding the foreclosure of the property and loan at issue, the complaint fails to state a claim under any legal theory. Defendant's motion to dismiss should be granted with prejudice for various reasons, among them:

1. Plaintiff's claims are barred by his failure to tender the amount due on his loan;

2. Several of plaintiff's claims are premised on alleged advice provided by a representative from defendant Green Tree, not BANA, the alleged advice cannot form the basis for liability against BANA; and

3. Each of plaintiff's individual claims is vaguely pleaded, contradicted by the judicially noticeable documents, and insufficient to state a claim.

This case is straightforward: plaintiff knowingly obtained a loan that he could no longer afford, accepted the loan proceeds, and then admittedly defaulted on the loan. As a result, foreclosure was initiated and plaintiff now asks the Court to intercede to thwart the consequences of his own actions. Because plaintiff's complaint is fatally flawed, BANA respectfully ask that the Court grant its motion, and dismiss this action with prejudice.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## II. FACTUAL SUMMARY

On or about November 8, 2007, plaintiff Jay Ta-Chieh Yeh (**plaintiff**) obtained a loan from Bank of America, N.A. (**BANA**) for $681,500.00 (the **Loan**)[1]. (Request for Judicial Notice (**RJN**), Ex. 1.) The terms of the Loan were set forth in a promissory note (the **Note**), repayment of which was secured by a deed of trust (**Deed of Trust** or **DOT**) to real property located at 1231 Swordfish Street, Foster City, California (the **Property**). (RJN, Ex. 1.) The DOT identifies BANA as the lender and PRLAP, Inc. as the trustee. (*Id.*)

By March of 2010, plaintiff had stopped making payments on his loan. (RJN, Ex. 2.) Due to his continuing nonpayment, on or about June 15, 2011, Seaside Trustee, Inc. (**Seaside**), as agent for the beneficiary under the DOT, executed a notice of default and election to sale. (RJN, Ex. 3.) By that time, plaintiff's loan was already $30,925.77 in arrears. (*Id.*)

On or about July 18, 2011, Seaside was substituted as trustee under the deed of trust. (RJN, Ex. 4.) The substitution of trustee was recorded on October 5, 2011.

On the same day, Seaside, as substituted trustee, caused to be recorded a notice of trustee's sale setting a sale date of October 28, 2011. (RJN, Ex. 5.) After several postponements, the foreclosure sale ultimately went forward on May 25, 2012. (RJN, Ex. 6.)

Plaintiff filed this action on October 22, 2012, alleging a slew of erroneous allegations against BANA. The majority of plaintiff's complaint is premised on the allegation that in 2011 plaintiff was induced to fall behind on his mortgage payments with the hope of securing a loan modification. (Compl., ¶ 13.) Plaintiff's loan history, however, shows that plaintiff ceased making payments on his mortgage in March 2010, over a year prior to when he was allegedly advised to stop making his payments. (RJN,

---

[1] Evidencing the cut-and-paste nature of his form complaint, plaintiff alleges that he entered into a loan agreement with BANA in or around 2000 (compl., ¶ 9), but the recorded documents contradict this claim

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX (213) 627-6342

1    Ex. 2.)  Furthermore, the complaint frequently refers to actions or representations made

2    by "defendant" without identifying which defendant is meant.  The complaint appears

3    to be a form complaint, with little regard to the accuracy of the claims made.

4         Accordingly, BANA now moves to dismiss to plaintiff's complaint.

## III.    LEGAL STANDARD ON MOTION TO DISMISS

6         "To survive a motion to dismiss, a complaint must contain sufficient factual

7    matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim

8    has facial plausibility when the plaintiff pleads factual content that allows the court to

9    draw the reasonable inference that the defendant is liable for the misconduct alleged."

10   *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Thus, a court need not accept as true

11   conclusory    allegations,    unreasonable    inferences,    legal    characterizations,    or

12   unwarranted deductions of fact contained in the complaint.  *Clegg v. Cult Awareness*

13   *Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

14        In *Iqbal*, the Supreme Court reviewed the standard for a pre-answer motion to

15   dismiss.  It explained that a complaint must offer more than an "unadorned, the-

16   defendant-unlawfully-harmed-me accusation."  *Id.* at 1949.  This means that "naked

17   assertions devoid of further factual enhancement" no longer suffice to state a claim.  *Id.*

18   (internal quotation omitted).  What is more, the facts actually pled must give rise to a

19   plausible claim for relief.  *Id.*  A formulaic recitation of the elements, because of its

20   conclusory nature, is disentitled to a presumption of truth.  *Id.* at 1951.

21        In general, the court may not consider material other than the facts alleged in the

22   complaint when deciding a motion to dismiss.  *Anderson v. Angelone*, 86 F.3d 932, 934

23   (9th Cir. 1996) ("A motion to dismiss ... must be treated as a motion for summary

24   judgment ... if either party ... submits materials outside the pleadings in support or

25   opposition to the motion, and if the district court relies on those materials.").  However,

26   the court may consider extrinsic documents when "the plaintiff's claim depends on the

27   contents of a document, the defendant attaches the document to its motion to dismiss,

28   and the parties do not dispute the authenticity of the document...."  *Knievel v. ESPN*,

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

{25539120;1}

3

CASE NO. 3:12-CV-05940-EDL

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 — FAX: (213) 627-6342

393 F.3d 1068, 1076 (9th Cir. 2005); *see also Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 450 F.3d 1257, 1264 (11th Cir. 2006) (An exception exists "in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss."). This exception is designed to "[p]revent [ ] plaintiffs from surviving a Rule 12 (b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[2]

Dismissal with prejudice is proper if "it is clear that the complaint could not be saved by any amendment." *Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). In fact, a court can dismiss claims without granting leave to amend if amending the complaint would be futile. *See Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1258 (9th Cir. 2007) ("Granting Vasquez leave to amend would have been futile, and we hold that the district court did not err in preventing such futility.")

## IV.   LEGAL ARGUMENT

### A.   The Failure to Tender Bars Plaintiff's Equitable Claims

Plaintiff's Complaint seeks relief from what he claims is a wrongful foreclosure. However, plaintiff's failure to tender the amount of the indebtedness renders any foreclosure-related claims deficient. This Court has recently ruled concerning the California's tender rule, that "under California law, '[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'" *Agbabiaka v. HSBC Bank USA Nat'l Ass'n*, 2010 WL16009974,

---

[2] Defendants submit Exhibit 2 pursuant to this doctrine. The authenticity of the payment statement is not reasonably disputed. Plaintiff relies on his allegation that he fell behind only because a Green Tree representative advised him to fall behind. Plaintiff, however, stopped making payments in March 2010, almost a year before the alleged representation by Green Tree. Plaintiff's payment history is central to his claims against BANA.

1   at *6 (N.D. Cal. April 20, 2010)) (quoting *Karlsen v. American Savings and Loan*

2   *Assoc.,* 15 Cal.App.3d, 112, 117-118 (1971)).

3        Before plaintiff can ask this Court to equitably set aside the foreclosure sale, he

4   must first "do equity" by tendering the amount he owed on the loan prior to the sale.

5   *See Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 290-91 (1911); *Williams v.*

6   *Koenig*, 219 Cal. 656, 660 (1934); *U.S. Cold Storage Cal. v. Great W. Sav. & Loan*

7   *Ass'n.*, 165 Cal.App.3d 1214, 1222 (1985) (cited authority omitted); 4 Miller & Starr,

8   Cal. Real Estate (2d ed. 1989) § 9:154 at 507-08.

9        The "tender rule" applies not only to plaintiff's request to set aside the

10  foreclosure, but also to any causes of action that derive from the wrongful foreclosure

11  allegations or seek redress from foreclosure. *Arnolds Mgmt. Corp. v. Eischen*, 158

12  Cal.App.3d 575, 578-80 (1984).  Thus, any cause of action implicitly integrated with

13  allegations of an irregular sale fails unless the trustor can allege and establish a valid

14  tender.  *Id.* at 579.  Because all of plaintiff's claims are fatally interwoven with his

15  allegation of an improper foreclosure, plaintiff's complaint fails as a matter of law.

16       The Court in *Anaya v. Advisors Lending Group*, 2009 WL 2424037 (E.D. Cal.

17  Aug. 5, 2009), specifically held the plaintiff's inability to tender barred her claim for

18  injunctive relief and every other claim supporting this request, noting plaintiff

19  "offer[ed] nothing to indicate that she is able to tender the debt to warrant disruption of

20  non-judicial foreclosure." *Anaya*, 2009 WL 2424037, at *10; *see Saldate v. Wilshire*

21  *Credit Corp.*, 686 F. Supp. 2d 1051, 1060-61 (E.D. Cal. 2010) ("An action to set aside

22  a foreclosure sale, unaccompanied by an offer to redeem, **does not state a cause of**

23  **action which a court of equity recognizes**"; entitling MERS to dismissal of **all** of

24  plaintiffs' claims against it, including claims of negligence, fraud, violation of *Business*

25  *& Professions Code* § 17200, and wrongful foreclosure) (emphasis added); *Alicea v.*

26  *GE Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) ("When a debtor

27  is in default of a home mortgage loan, and a foreclosure is *either pending or has taken*

28  *place*, the debtor must allege a credible tender of the amount of the secured debt to

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

1    maintain any cause of action for wrongful foreclosure.") (emphasis added); *Jump v.*

2    *Aurora Loan Servs. LLC, et al.*, 2009 WL 2020128, at *2 (S.D. Cal. July 10, 2009) ("A

3    party has not alleged sufficient facts to state a cause of action unless he has tendered

4    the obligation in full."); *see also Odinma v. Aurora Loan Servs.*, 2010 WL 1199886, *2

5    (N.D. Cal. March 23, 2010) ("California district courts apply the tender rule in

6    examining wrongful foreclosure claims"); *Montoya v. Countrywide Bank*, 2009 WL

7    1813973, *11-12 (N.D. Cal. June 25, 2009) ("Under California law, the 'tender rule'

8    requires that as a precondition to challenging a foreclosure sale, or any cause of action

9    implicitly integrated to the sale, the borrower must make a valid and viable tender of

10   payment of the debt"); *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109

11   (1996); Miller & Starr, California Real Estate (3d ed. 2000), Deeds of Trust, § 10:212,

12   pp. 653-54 ("Without an allegation of such tender in the complaint that attacks the

13   validity of the sale, the complaint does not state a cause of action.").

14       Application of the tender rule prevents "a court from uselessly setting aside a

15   foreclosure sale on a technical ground when the party making the challenge has not

16   established his ability to purchase the property." *See Grant*, 2010 WL 3517399, at * 7

17   (citing *Williams v. Countrywide Home Loans* , No. C 99-0242 SC, 1999 WL 740375,

18   *2 (N.D. Cal. Sept. 15, 1999)). "The rationale behind this rule is that if Plaintiff could

19   not have redeemed the property [i.e., paid the full loan amount] had the sale procedures

20   been proper, any irregularities in the sale did not result in damages to the Plaintiff."

21   *FPCI RE-HAB 01 v. E & G Invs., Ltd.*, 207 Cal.App.3d 1018, 1022 (1989).

22       Because plaintiff has not alleged tender, he cannot assert this action seeking

23   relief from the foreclosure sale.

24   **B.    Plaintiff's Claims Each Fail Individually**

25       Although this Complaint should be dismissed for plaintiff's failure to tender

26   alone, each cause of action individually fails to state a claim.

27

28

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

### 1) Plaintiff's Claim for Breach of the Covenant of Good Faith and Fair Dealing Fails

Plaintiff's first cut-and-paste cause of action alleges that BANA somehow breached the implied covenant of good faith and fair dealing by allegedly "tricking [plaintiff] into not making his regular monthly payments in compliance with the loan agreement..." (Compl., ¶ 21.)   The implied covenant depends upon express and enforceable contractual terms.   "A plaintiff asserting a claim for breach of the implied covenant of good faith and fair dealing must allege: (1) a contract existed; (2) the plaintiff did all, or substantially all, of the significant things the contract required; (3) the conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal. 4th 342, 373 (1992).   The implied covenant cannot create, expand or contradict contractual terms, no matter how seemingly unfair.   *See, e.g., Storek & Storek, Inc. v. Citicorp Real Estate, Inc.,* 100 Cal.App.4th 44 (2002); *Racine & Laramie, Ltd., Inc. v. Dept. of Parks and Recreation,* 11 Cal.App.4th 1026, 1032, 1043-45 (1992).   Moreover, "[n]o cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'" *Pension Trust Fund for Operating Engineers v. Fed. Ins. Co.,* 307 F.3d 944, 955 (9th Cir. 2002).

Plaintiff's claim is premised on the fact that BANA allegedly tricked plaintiff into not making his mortgage payments because he was advised to stop making his mortgage payments in order to apply again for a possible loan modification, however, plaintiff specifically alleges that BANA did not provide the advice.  The only mention of such an allegation is against "Erica Holderness, a Green Tree employee." (Compl., ¶ 13.) Furthermore, plaintiff claims that the advice was given after the denial of his loan modification application in April 2011, and that "in reliance on these representations,

plaintiff stopped making his mortgage payments." (*Id*.)  However, plaintiff stopped making payments on his mortgage in March 2010 and has not made a single payment since. (RJN, Ex. 2.)  Plaintiff's admitted default negates his claimed performance under the loan contract as required for a breach of the covenant of good faith and fair dealing, thus his claim should be dismissed.

Plaintiff's additional contentions against BANA in his breach of covenant claim are based on allegations that BANA prolonged the loan modification process, eventually foreclosed on plaintiff's property even though "defendant" allegedly represented to plaintiff that the foreclosure would not be initiated while his loan was reviewed for modification, and there would be no negative credit effects from not paying his mortgage (compl., ¶ 29), also fail to state a claim against BANA.  Plaintiff fails to point to any contractual obligation for BANA to provide a loan modification or how quickly a loan modification review must be completed.  Furthermore, as pointed out by plaintiff, the loan contract specifically states that plaintiff's failure to make his monthly payment will result in default and foreclosure.  Plaintiff admittedly defaulted on his loan and has not made a payment since 2010.  Moreover, plaintiff admits that he was reviewed for a loan modification and failed to qualify, both before and after the alleged advice was given. (Compl., ¶¶ 13-15.)  And, the foreclosure process was delayed while plaintiff's loan modification application was reviewed.  In fact, from the time of his initial default until the completion of the foreclosure sale, the process was delayed for more than two years.

Additionally, as a matter of law, plaintiff cannot establish a fiduciary relationship between himself and BANA. *See Gutierrez v. Wells Fargo Bank*, 2009 WL 322915 at *5 (N.D. Cal. Feb. 9, 2009).  California law holds that there is no fiduciary duty between debtor and creditor.  In *Price v. Wells Fargo*, the court observed: "It has long been regarded as 'axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor. A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.'

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  The same principle should apply with even greater clarity to the relationship between a

2  bank and its loan customers." *Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 979

3  (1993) (*quoting Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989)).  A

4  financial institution generally owes borrowers no duty, meaning an essential element of

5  a claim for breach of the implied covenant of good faith and fair dealing cannot be

6  established.  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1096

7  (1991).  For these reasons, the cause of action must be dismissed with prejudice.

8  **2)    Plaintiff's Promissory Estoppel Claim Fails**

9  Plaintiff's second cause of action for promissory estoppel relies on the same

10 conclusory and false allegations as his claim for breach of covenant, i.e. that defendant

11 (plaintiff fails to identify which "defendant" allegedly made the representations)

12 advised plaintiff to stop making his mortgage payments in order to apply for a loan

13 modification and that the property would not be foreclosed on while he was reviewed.

14 (Compl. ¶ 36.)  Plaintiff's allegations are insufficient to state a claim for promissory

15 estoppel.

16 The elements of promissory estoppel are: (1) a clear promise, (2) reliance, (3)

17 substantial detriment, and (4) damages "measured by the extent of the obligation

18 assumed and not performed."  *Toscano v. Greene Music*, 124 Cal.App.4th 685, 692

19 (2004).   Promissory estoppel is "a doctrine which employs equitable principles to

20 satisfy the requirement that consideration must be given in exchange for the promise

21 sought to be enforced."  *Kajima/Ray Wilson v. Los Angeles County Metropolitan*

22 *Transportation Authority*, 23 Cal.4th 305, 310, 1 P.3d 63 (2000).   "Plaintiff's

23 misguided belief or guileless action in relying on a statement on which no reasonable

24 person would rely is not justifiable reliance. . . . 'If the conduct of the plaintiff in the

25 light of his own intelligence and information was manifestly unreasonable, . . . he will

26 be denied a recovery.'"  *Kruse v. Bank of America*, 202 Cal.App.3d 38, 54 (1988)

27 (citation omitted).  A mere "hopeful expectation[] cannot be equated with the necessary

28 justifiable reliance." *Id.* at 55.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

1    Here, plaintiff alleges that he relied to his detriment on statements made by an

2    unspecified defendant.  Plaintiff, however, fails to allege a promise that is "clear and

3    unambiguous in its terms." *Laks v. Coast Fed. Sav. & Loan Assn.*, 60 Cal.App.3d, 885,

4    890(1976); *Locke v. Wells* Fargo, 2010 WL *4941456, at *4 (S.D. Fla. Nov. 30, 2010)*

5    (holding promissory estoppel claim fails because the final monthly payment and other

6    terms of the permanent modification were undetermined). Plaintiff merely alleges that

7    a Green Tree representative gave him advice concerning a possible future loan

8    modification.  Plaintiff does not allege that he was promised a loan modification.

9    Plaintiff does not allege or specify the basic terms of a clear and unambiguous offer of

10   loan modification, such as interest rate, loan duration, and method of repayment. *Laks*,

11   60 Cal.App.3d at 891.  That fatal flaw does not vanish merely because plaintiff asserts

12   his claim as one for promissory estoppel rather than one for breach of contract. *Glen*

13   *Holly Ent'mt, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1101 (C.D. Cal. 1999)

14   (granting motion to dismiss on promissory estoppel claim because the "alleged

15   promises do not have definite terms").

16   Plaintiff also alleges that "defendant" (again failing to specify which defendant)

17   deceived him by promising that the foreclosure process would be delayed while his

18   modification application was under review.  Plaintiff claims that he relied to his

19   detriment on this alleged representation, but fails to explain how his alleged reliance

20   caused him any harm.  Plaintiff's claim of detrimental reliance is contradicted by his

21   admission that the foreclosure process was delayed for over two years, and it was not

22   until after several modification applications were denied that the notice of default was

23   recorded.  The modification application did not prevent plaintiff from pursuing other

24   remedies and alternatives or from taking any other lawful measures to alleviate their

25   debt obligations. Plaintiff could have pursued other remedies and strategies whether or

26   not he was being reviewed for a possible modification.  If anything, the postponement

27   of the foreclosure sale for two years during the application process afforded plaintiff

28   greater opportunity to save his property and to deal with his default by enabling him to

1   save money every month to put toward other remedies and strategies and, at the same

2   time, remain in the property.  Plaintiff also cannot establish harm.  The foreclosure was

3   the result of plaintiff's default under the terms of the loan and nothing more.  Plaintiff

4   has failed to state a claim and this cause of action should be dismissed.

### 3)    Plaintiff's Claim for Violation of *Civil Code* Section 2923.5 Fails

6          Plaintiff's third cause of action is brought under *Cal. Civil Code* § 2923.5, but he

7   cannot possibly state a claim under that statute.   The Court of Appeals made it

8   explicitly clear that "the *only* remedy provided [under § 2923.5] is a postponement of

9   the sale **before it happens**."   *Mabry v. Superior Court*, 185 Cal.App.4th 208, 235

10  (2010) (italics original) (bold added).  That remedy is impossible.  Plaintiff's property

11  was sold.  (RJN, Ex. 6.)   To the extent plaintiff seeks any other relief based on

12  § 2923.5, such relief is preempted.   *Id.* at 214 ("section 2923.5 . . . is not preempted

13  because the remedy for noncompliance is a simple postponement of the foreclosure

14  sale, **nothing more**.") (emphasis added), 231-232, 235.

15         Furthermore,   there   is   no   question   that   plaintiff   was   aware   of   potential

16  alternatives to foreclosure, as the gravamen of plaintiff's lawsuit is related to purported

17  misconduct by BANA in the context of a loan modification review. (Compl., ¶¶ 13-15.)

18  Section 2923.5 reads, in pertinent part: "[a] mortgagee, beneficiary, or authorized agent

19  shall contact the borrower in person or by telephone in order to assess the borrower's

20  financial situation and **explore options** for the borrower to avoid foreclosure. . ." *Cal.*

21  *Civil Code* § 2923.5(a)(2) (bold added).   The statute is plain about its purpose, to

22  "assess" borrowers' financial situation and "explore" options to avoid foreclosure.  *See*

23  *Mabry*, 185 Cal.App.4th at 232 ("'assessment' must necessarily be simple — something

24  on the order of, 'why can't you make your payments?' "; "Exploration must necessarily

25  be limited to merely telling the borrower the traditional ways that foreclosure can be

26  avoided (e.g., deeds "in lieu," workouts, or short sales), as distinct from requiring the

27  lender to engage in a process that would be functionally indistinguishable from taking a

28  loan application in the first place.")  Plaintiff's allegations that he explored loss

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   mitigation – and failed to qualify for a loan modification – negate any claim under §

2   2923.5.

3       Because there was no violation and no available relief even if there was a

4   violation, plaintiff's claim under § 2923.5 should be dismissed with prejudice.

### 4)   Plaintiff's Breach of Contract Claim Fails

6       Plaintiff claims that BANA breached the note and deed of trust by instituting

7   foreclosure proceedings on the property.  (Compl., ¶ 52.)  Plaintiff seemingly ignores

8   the fact that he defaulted on his loan and has not made a payment in more than two

9   years.  And foreclosure, including the power of sale, is explicitly provided in the event

10  of plaintiff's default under the note, deed of trust, and California's nonjudicial

11  foreclosure statutes.  (Compl., ¶ 53.)

12      Breach of contract in California requires a plaintiff to establish (1) a contract, (2)

13  plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4)

14  damage to plaintiff.  *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal.App.4th

15  1171, 1178 (2008).  Plaintiff is simply unable to establish the necessary elements for a

16  breach of contract claim.

17      Despite admitting to ceasing to make his mortgage payments, plaintiff claims

18  that he did not default under the note and deed of trust.  He claims that his failure to

19  make his payments is excused because "plaintiff was repeatedly advised not to make

20  his payments" and therefore, somehow, "he was not late on his mortgage payments."

21  (Compl., ¶ 53.)  Plaintiff's claim is based on his allegation that after being denied a loan

22  modification in April 2011, he was allegedly advised by Green Tree to stop making his

23  mortgage payment in order to apply for another loan modification.  (Compl., ¶ 13.)

24  Plaintiff, however, ceased making payments on his mortgage in 2010, more than a year

25  before the advice was even allegedly given.  (RJN, Ex. 2.)  Plaintiff cannot allege his

26  performance or an excuse for his nonperformance under the note and deed of trust, thus

27  his claim for breach of contract fails.

28      Likewise, plaintiff is unable to plead a breach by BANA.  It is clear that the note

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

1  and deed of trust contemplate the initiation of foreclosure procedures, including the

2  right to accelerate and invoke the power of sale, in the event the borrower defaults

3  under the instruments. (Compl., ¶ 53; RJN, Ex. 1.) Plaintiff admits to failing to make

4  his monthly payments, thus defaulting under the note and deed of trust. Based on

5  plaintiff's admitted default, BANA did not breach the agreement by initiating the

6  foreclosure process or invoking the power of sale, and plaintiff's breach of contract

7  claim fails.

8       Because plaintiff is unable to plead his performance or a breach by BANA,

9  plaintiff fails to adequately plead a breach of contract, and the claims should be

10  dismissed with prejudice.

11      **5)**    **Plaintiff's Reformation of Contract Claim Fails**

12       Conceding that plaintiff defaulted on his loan obligations and foreclosure was

13  proper under the note and deed of trust, plaintiff attempts to save his complaint by

14  alleging that section 7(B) of the note, which states that a borrower will be in default if

15  they fail to pay the full amount of each monthly payment by the due date, was

16  unconscionable. (Compl., ¶ 59.) Plaintiff's attempt to salvage his complaint fails.

17       As an initial matter, plaintiff's request for reformation due to unconscionability is

18  barred by the statute of limitations. *See Yerkovich v. MCA, Inc.*, 11 F. Supp. 2d 1167

19  (C.D. Cal. 1997) ("the applicable statutory period for an unconscionability claim [is]

20  four years."). The California statute of limitations for claims based on a written

21  contract is four years. *See Cal. Civ. Proc. Code* § 337(1). Additionally, California's

22  catch-all statute of limitations is also four years. *See Cal. Civ Proc. Code* § 343 ("An

23  action for relief not hereinbefore provided for must be commenced within four years

24  after the cause of action shall have accrued."). An unconscionability claim accrues

25  "when the allegedly unconscionable contract is formed." *Yerkovich*, 11 F.Supp.2d at

26  1173. Here, the contract was formed in November 2007. Plaintiff filed his complaint

27  in October 2012, almost a year late. As a result, plaintiff's unconscionability defense is

28  barred by the statute of limitations. However, even if were not barred by the statute of

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

AKERMAN SENTERFITT LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    limitations, plaintiff's claim still fails.

2        In California, unconscionability has a procedural and substantive aspect.  *See,*

3    *e.g., Abramson v. Juniper Networks, Inc.*, 115 Cal.App.4th 638, 655 (2004).

4    Procedural unconscionability refers to the manner in which a contract is negotiated,

5    including the surrounding circumstances, the relevant factors being oppression and

6    surprise.  *Id.* at 655.  Here, plaintiff does not allege any facts related to the

7    circumstances in which the loan was negotiated.

8        Moreover, plaintiff does not claim that the definition of default was in any way

9    "hidden" from him.  *See Parada v. Superior Court*, 176 Cal.App.4th 1554, 1573

10   (2009).  He also cannot allege that he was without many realistic alternatives to taking

11   out a loan from BANA.  *See id.*  As a result, plaintiff cannot demonstrate procedural

12   unconscionability.

13       Plaintiff's allegations are also insufficient to demonstrate substantive

14   unconscionability.  Substantive unconscionability refers to the terms of the agreement,

15   specifically whether they "shock the conscience." *Abramson*, 115 Cal.App.4th at 655.

16   Plaintiff does not explain how defining failure to make required monthly payments

17   under the loan as a default would possibly "shock the conscience."

18       Plaintiff does not dispute that he read the note and deed of trust and willingly

19   agreed to their terms.  BANA is not required to assume that plaintiff did not understand

20   his requirements under the agreement when he gave no indication that that was the

21   case.  Furthermore, plaintiff does not allege how the definition of default was unfair or

22   different from the legally accepted standard practice in the mortgage industry.

23       Finally, no matter how unsophisticated a borrower may be, it is self-explanatory

24   that the failure to make required loan payments will result in default.  Plaintiff's

25   nonsensical allegation that the loan is unconscionable because the note states that

26   failure to make required monthly payments will result in default has no merit.

27       For these reasons, plaintiff's claim fails as a matter of law and should be

28   dismissed without leave to amend.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

### 6)     Plaintiff's False Light Claim Fails

Plaintiff claims that the initiation of nonjudicial foreclosure, including the recording of public notices and providing allegedly false information to different credit agencies, constituted an invasion of privacy by placing plaintiff in a false light. (Compl., ¶¶ 63-65.)  Plaintiff's false light invasion of privacy claim fails as a matter of law.

Plaintiff's allegations do not support a false light invasion of privacy claim.  As explained in the foregoing sections, plaintiff admittedly defaulted under the loan and mortgage agreement, entitling defendants to begin nonjudicial foreclosure proceedings. Therefore, nothing contained in the notice of default was false as a matter of law. Plaintiff's false light invasion of privacy claim should be dismissed with prejudice.

Furthermore, as to plaintiff's claim concerning BANA allegedly providing false information to credit reporting agencies, plaintiff's claim is preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (**FCRA**).  *El-Aheidab v. CitiBank, NA*, 2012 WL 871321, at *6-9 (N.D. Cal. Feb. 15, 2012) ("[A] plaintiff cannot sustain a state common law or statutory claim related to duties set forth in section 1681s-2 [relating to the responsibilities of persons who furnish information to consumer reporting agencies], **even if plaintiff alleges defendant reported false information with malice or willful intent to injure**.").  To the extent plaintiff's false light case of action is based on allegations that "Defendant" furnished false information to the credit reporting agencies, it is clearly preempted by 15 U.S.C. § 1681t(b)(1)(F).  Not only does the text of FCRA compel this result, it is also the holding in recent analogous cases. *See El-Aheidab*, 2012 WL 871321, at *6-9; *see also Miller v. Bank of America*, 2012 WL 871321, at *6-8 (S.D. Cal. March 14, 2012); *Sanai v. Saltz*, 170 Cal.App.4th 746 (2009) ("[Section] 1681f(b)(1)(F) totally preempts all state common law tort claims against furnishers of credit information arising from conduct regulated by 15 U.S.C. § 1681s-2," including plaintiff's slander and libel common law claims).

### 7)    Plaintiff's Elder Abuse Claim Fails

Plaintiff's seventh cause of action for elder abuse is based on the same demonstrably false allegations as plaintiff's previous claims and therefore fails for the reasons discussed throughout this motion.   Furthermore, plaintiff fails to plead the elements for an elder abuse claim.

Financial elder abuse is defined in *Welf. & Inst. Code* § 15610.30(a), which provides:

> "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following: (1) Takes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both. (2) Assists in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both."
> *Id.,* § 15610.30(a)(1)-(2).

Plaintiff has not pled an actionable claim of elder abuse against BANA here. Plaintiff does not identify anything BANA did to actually defraud him, even though an elder abuse theory, as a statutory claim, should be pled with particularity.   *Covenant Care, Inc. v. Superior Court*, 32 Cal.4th 771, 790 (2004); *Carter v. Prime Healthcare*, 198 Cal.App.4th 396, 407 (2011).     The complaint does not specify **(a)** a false statement, **(b)** at a specific time, **(c)** a basis to believe such a statement was made with intent to defraud, **(d)** by an identified person, **(e)** acting with authority for BANA that he relied upon in failing to make his loan payments.  At most, the complaint pleads that a Green Tree representative provided advice concerning a possible loan modification, providing advice, however, does not constitute elder abuse.   Furthermore, plaintiff alleges the advice to stop making his payments was made in April 2011, but plaintiff stopped making payments in 2010, more than a year prior to the alleged representation by Green Tree.

Nor does the complaint plead that property was wrongfully taken from plaintiff. Plaintiff admits to defaulting on his loan and the recorded documents evidence that the

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

1   foreclosure process was handled properly.  Any harm experienced by plaintiff was the

2   result of his own actions in defaulting on his loan and failing to bring his loan current,

3   not any actions by BANA.

4   **8)   Plaintiff's Intentional and Negligent Misrepresentation Claims Fail**

5          Plaintiff's misrepresentation claims are premised on the allegation that

6   "Defendants made a promise to Plaintiff that they would not initiate foreclosure

7   proceedings while Plaintiff's loan modification application was being reviewed."

8   (Compl., ¶ 77.)   Plaintiff clarifies that the "promise" was made by Green Tree

9   representative Erica Holderness.  (*Id.*)  Plaintiff is unable to satisfy the elements for

10  intentional or negligent misrepresentation against BANA.

11         To state a claim for negligent misrepresentation, a plaintiff must allege (1) the

12  misrepresentation of a past or existing material fact, (2) without reasonable ground for

13  believing it to be true, (3) with intent to induce another's reliance on the fact

14  misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting

15  damage.  *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs.*

16  *Group, Inc.*, 171 Cal.App.4th 35, 50 (2009).  Just as with intentional misrepresentation,

17  claims for "negligent misrepresentation must meet Rule 9(b)'s particularity

18  requirement."  *Neilson v. Union Bank of Cal. N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D.

19  Cal. 2003); *see also Lorenz v. Sauer*, 807 F.2d 1509, 1511-12 (9th Cir. 1987) ("Under

20  California law, negligent misrepresentation is a species of actual fraud…").

21         Initially, plaintiff's claim fails because, based on plaintiff's own allegations, there

22  was no misrepresentation.  Plaintiff concedes that his loan modification applications

23  were reviewed and denied.  (Compl., ¶ 14.)  When plaintiff was unable to provide

24  sufficient proof of income, his loan modification application was finally denied and the

25  nonjudicial foreclosure process was initiated.  (Compl., ¶¶ 15-18.)  Therefore, as

26  allegedly promised, the foreclosure was put on hold while plaintiff's loan modification

27  application was reviewed.  From the time of plaintiff's admitted default in March 2010,

28  to the finalization of the nonjudicial foreclosure process in May 2012, the foreclosure

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

process was delayed for over two years.  It is disingenuous for plaintiff now to claim that the foreclosure process was not delayed.  Plaintiff's loan modification application was reviewed, but ultimately his loan failed to qualify – this is insufficient for a misrepresentation claim.  BANA was not required to provide plaintiff with a loan modification and plaintiff has pointed to no authority to the contrary.  Moreover, the alleged promise to not initiate foreclosure in the future does not constitute a misrepresentation about a "past or existing material fact."

Furthermore, plaintiff's misrepresentation claim lacks merit because BANA cannot be liable for "negligent" misrepresentation.  As discussed previously, BANA owes plaintiff no duty of care.  A lender pursues its own economic interests in lending money, not that of the borrower. *Nymark*, 231 Cal.App.3d at 1096

As a species of fraud, plaintiff's intentional misrepresentation and negligent misrepresentation claims must comply with Rule 9(b).  Rule 9(b) provides that "a party must state with particularity the circumstances constituting fraud."  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id.* at 672.  Moreover, a plaintiff must set forth an explanation of how or why alleged statements or concealment are false or misleading. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir.1994) (en banc).  Further, when asserting fraud against a corporation, a plaintiff must also specifically allege the names of the persons, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *See Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).  The policy of liberal construction of the pleadings will not be invoked to sustain a pleading alleging fraud. *G.D. Searle & Co. v. Superior Court,* 49 Cal.App.3d 22, 29 (1975); *Lazar v. Superior Court*, 12 Cal.4th 631, 645 (1996).  Plaintiff does not come close to meeting the pleading requirements of Rule 9(b) with respect to BANA.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    Plaintiff merely alleges, conclusorily, that various "defendants" or "defendant" made

2    representations to plaintiff.  Plaintiff does allege that a Green Tree representative made

3    certain representations.  Plaintiff fails to demonstrate, however, any wrongdoing on the

4    part of BANA, or to meet the particularity requirements for pleading fraud.  Plaintiff

5    also fails to allege how he relied on the purported representations, such that he was

6    caused damage.  Plaintiff merely states that "as a result of Defendant's [fails to specify

7    which defendant] conduct, Plaintiff has suffered damages for loss of money and

8    property, and damages for severe emotional distress."  (Compl., ¶ 78.)  Any damages

9    suffered were a result of plaintiff's admitted default under the Deed of Trust, not any

10   actions of BANA.

         Plaintiff fails to allege a cause of action for fraud under any theory.  Plaintiff's

12   misrepresentation claims should be dismissed with prejudice.

13   **9)      Plaintiff's Claim for Violation of *Business & Professions Code* § 17200**

         **Fails**

15       Plaintiff's tenth cause of action is brought under California's Unfair Competition

16   Law (**UCL**), *Bus. & Prof. Code* § 17200, *et seq*.   The UCL establishes three forms of

17   unfair competition: (1) unlawful, (2) unfair, or (3) deceptive or fraudulent.   *Cel-Tech*

18   *Comm. v. L.A. Cellular Telephone Co.,* 20 Cal.4th 163, 180 (1999).  Facts supporting a

19   § 17200 claim must be pled with reasonable particularity.  *Khoury v. Maly's of Cal.,* 14

20   Cal.App.4th 612, 619 (1993).

21       Plaintiff does not actually allege any new facts under his UCL claim, instead

22   incorporating by reference every allegation asserted before it.   (Compl., ¶ 84.)

23   Plaintiff's UCL claim is the total opposite of a pleading with "reasonable particularity."

24   His claim fails for all other reasons asserted throughout this motion.

25       Moreover, a plaintiff must have suffered an injury-in-fact and have lost money

26   or property as a result of the act. *Bus. & Prof. Code* § 17204; *Birdsong v. Apple, Inc.,*

27   590 F.3d 955, 959-960 (9th Cir. 2009).  Though plaintiff alleges he suffered monetary

28   damages, he merely mentions that these "include attorneys' fees and costs to save his

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   home." (Compl., ¶ 93.)  Plaintiff fails to allege how any claimed damages are the result

2   of BANA's purportedly unfair acts.  Fees, interest, and penalties assessed as a result of

3   default cannot properly constitute damages under the UCL, particularly because

4   plaintiff could have avoided the damages.  *Lyons v. Bank of Am.,* 2011 WL 3607608

5   (N.D. Cal. Aug. 15, 2011) ("a lowered credit score and having to defend against a

6   wrongful foreclosure proceeding, even if caused by Defendants, could have been

7   avoided if Plaintiffs had made timely mortgage payments.").  To the extent plaintiff

8   relies on the loss of his property, it is similarly insufficient to prove damages under the

9   UCL.  Plaintiff lost his property as a direct result of his default under the deed of trust,

10  not any actions by BANA.

11         For these reasons, plaintiff's UCL claim should be dismissed with prejudice.

12  **10)    Plaintiff's Quiet Title Claim Fails**

13         Plaintiff fails to plead a cause of action for quiet title.  "[T]o state a claim to

14  quiet title, a complaint must be verified and include (1) a legal description of the

15  property and its street address or common designation, (2) the title of the plaintiff and

16  the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of

17  which the determination is sought, and (5) a prayer for the determination of the title of

18  the plaintiff against the adverse claims."  *Permpoon v. Wells Fargo Bank Nat'l Ass'n,*

19  No. 09-CV-01140-H (BLM), 2009 U.S. Dist. LEXIS 89723, at *15 (S.D. Cal. Sept. 29,

20  2009) (citing *Cal. Civil Proc. Code* § 760.020) (emphasis added).

21         First, plaintiff's complaint is not verified, barring the cause of action.  Second, he

22  does not allege the legal basis by which he claims to have superior title.  To the

23  contrary – plaintiff lost title to the property after he defaulted on his loan obligations

24  and the property was properly sold at the trustee's sale.

25         Moreover, the long-standing rule in California is that a plaintiff cannot quiet title

26  against a mortgagee without paying the debt secured, which plaintiff has failed to do,

27  as discussed above. *See Shimpones v. Stickney,* 219 Cal. 637, 649 (1934); *see also, Mix*

28  *v. Sodd,* 126 Cal.App.3d 386, 390 (1981) (no quiet title action may lie without paying

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    the debt, even if debt is otherwise unenforceable).  Essentially, plaintiff asks this Court

2    to award him a free house.  To do so would be inequitable.

3         Finally, because the subject property has already been sold at a foreclosure sale,

4    a quiet title claim is unavailable to plaintiff as a method to challenge the sale.  *Distor v.*

5    *US Bank N.A.*, 2009 U.S. Dist. LEXIS 98361, at *17-18 (N.D. Cal. Oct. 22, 2009)

6    ("[B]ecause the property has already been sold, quiet title is no longer an appropriate

7    action to seek to undo the foreclosure").

8         Plaintiff's quiet title claim should be dismissed with prejudice.

9                                    **V. CONCLUSION**

10        Plaintiff's complaint fails to allege any claims for relief.  The claims themselves

11   all fail and are legally and factually deficient.  BANA respectfully requests the Court

12   grant its motion to dismiss without leave to amend.

14   Dated: December 11, 2012                      Respectfully submitted,

15                                            **AKERMAN SENTERFITT LLP**

17                                            By: *s/ Karen Ciccone*
                                                  Karen Ciccone
18                                                Taylor Broadhead
                                                  Attorney for Defendants
19                                                BANK OF AMERICA, N.A

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, California 90017.

On December 11, 2012, I served the following document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AUTHORITIES; [PROPOSED] ORDER**

**\*\*\*SEE ATTACHED SERVICE LIST\*\*\***

☐ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

{25539120;1}

i

CASE NO. 3:12-CV-05940-EDL

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  ☒  (CM/ECF Electronic Filing) I caused the above document(s) to be
2      transmitted to the office(s) of the addressee(s) listed below by electronic
       mail at the e-mail address(es) set forth above pursuant to
3      Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated
       automatically by the ECF system upon completion of an electronic filing.
4      The NEF, when e-mailed to the e-mail address of record in the case, shall
       constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of
5      the NEF shall be attached to any document served in the traditional manner
       upon any party appearing pro se."

6      I declare under penalty of perjury that I am employed in the office of a member of
7  the bar of this Court at whose direction this service was made and that the foregoing is
   true and correct.

8  ☐  (State)      I declare under penalty of perjury under the laws of the State of
                   California that the above is true and correct.
9
   ☒  (Federal)    I declare that I am employed in the office of a member of the Bar of
10                 this Court at whose direction the service was made. I declare under
                   penalty of perjury under the laws of the United States of America
11                 that the above is true and correct.

12 Executed on **December 11, 2012**, at Los Angeles, California.

13

14 _____        _/s/ Karen Ciccone_____
       Karen Ciccone
15    (Type or print name)                    (Signature)

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## SERVICE LIST

*Yeh v. Bank of America, N.A., et al.*

United States District Court, Northern District of California (San Francisco)

Case No. 3:12-cv-05940-EDL

Matthew D. Mellen, Esq.
Jessica Galletta, Esq.
Sarah Adelaars, Esq.
THE MELLEN LAW FIRM
411 Borel Avenue, Suite 230
San Mateo, California 94402

***Counsel for plaintiff Jay Ta-Chieh Yeh***

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT