Matthew D. Mellen (SBN: 233350)
Jessica Galletta (SBN: 281179)
Sarah Adelaars (SBN: 281748)
THE MELLEN LAW FIRM
411 Borel Avenue, Suite 230
San Mateo, California 94402
Telephone:   (650) 638-0120
Facsimile:    (650) 638-0125

Attorneys for Plaintiff,
JAY TA-CHIEH YEH

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY TA-CHIEH YEH, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A., a business entity; GREEN TREE SERVICING LLC, a business entity, and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.: 3:12-CV-05940-PJH<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF<br><br>1. Breach of the Covenant of Good Faith and Fair Dealing<br>2. Promissory Estoppel<br>3. Wrongful Foreclosure – Violation of California Civil Code §2924 *et seq.*<br>4. Breach of Contract<br>5. Reformation of Contract<br>6. Invasion of Privacy – False Light<br>7. Elder Financial Abuse<br>8. Negligent Misrepresentation<br>9. Unfair Business Practices – Violation of Business and Professions Code § 17200 *et seq.*<br><br>DEMAND FOR JURY TRIAL |

**PRELIMINARY ALLEGATIONS**

1.  Plaintiff brings this lawsuit as a result of the foreclosure process gone awry. In the case at hand, Plaintiff was current on his loan payments and was ready, willing and able to continue making payments, notwithstanding this, Defendants induced Plaintiff to skip payments and, instead, pursue a loan modification. Plaintiff was concerned about the effect missed payments would have on his credit, however, Defendants promised Plaintiff that, if he went late in pursuit of a loan modification, Defendants would not count Plaintiff late to credit agencies and would not initiate foreclosure proceedings against Plaintiff. However, unbeknownst to Plaintiff and contrary to Defendants' representations, Defendants counted Plaintiff late to credit agencies and caused Plaintiff's family home to be sold at a foreclosure sale. Plaintiff has suffered the destruction of his credit and the loss of his family home. This lawsuit follows.

**JURISDICTION AND VENUE**

2.  This is an action asserting violations of California State Law. Plaintiff is a homeowner who brings this action as a result of Defendants' unlawful conduct concerning a residential mortgage loan transaction regarding the property located 1231 Swordfish Street Foster City, CA 94404 (the "Property"). Moreover venue is proper in this Court because a substantial part of the events giving rise to the claims herein occurred in the County of San Mateo. Venue is therefore proper in the Northern District of California.

**PARTIES**

3.  Plaintiff, Mr. Jay Ta-Chieh Yeh, is a semi-retired sixty-five-year-old man. At all relevant times herein and presently, Plaintiff resides in the State of California, County of San Mateo.

4.  At all times relevant herein, Plaintiffs are informed and believe and thereon allege that Defendant BANK OF AMERICA, N.A. (hereinafter "BANK OF AMERICA") is a diversified financial marketing and/or services company engaged primarily in residential mortgage banking and/or related businesses. BANK OF AMERICA was the beneficiary under the promissory note and deed of trust during a substantial portion of the relevant events. Plaintiffs are informed and believe and thereon allege that BANK OF AMERICA is a business entity operating within the State of California.

5. At all times relevant herein, Plaintiffs are informed and believe and thereon allege that Defendant GREEN TREE SERVICING, LLC (hereinafter "GREEN TREE") is a diversified financial marketing and/or services company engaged primarily in residential mortgage banking and/or related businesses. Plaintiffs are informed and believe and thereon allege that GREEN TREE is a business entity operating within the State of California.

6. This court has personal jurisdiction over the parties as all Defendants engage in business within the State of California. Defendants' business involves providing mortgage loans and related services to consumers in the State of California.

## AGENCY ALLEGATIONS

7. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each remaining Defendants. Each Defendant was acting in concert with each remaining Defendant in all matters alleged, and each Defendant has inherited any and all violations or liability of their predecessors-in-interest. Additionally, each Defendant has passed any and all liability to their successors-in-interest, and at all times were acting within the course and scope of such agency, employment, partnership, and/or concert of action

## STATEMENT OF FACTS

8. In or around November 2007, Plaintiff refinanced his property and entered into a loan agreement with Defendant BANK OF AMERICA. The promissory note and deed of trust, which establishes Plaintiff and Defendants' relationship, contains a provision for attorneys' fees.

9. In February 2011, when Plaintiff was current on his payments, Plaintiff's loan was transferred to Defendant GREEN TREE.

10. On or around February 2011, when Plaintiff learned that GREEN TREE was the new Trustee of his loan, he contacted GREEN TREE to inquire about receiving a loan modification. GREEN TREE advised Plaintiff that, in order to get a loan modification he would need to be late on his payments. Plaintiff was concerned about missing payments, and expressed such concern to GREEN TREE'S representative. GREEN TREE'S representative told Plaintiff that, if he went late in support of a loan modification, his missed payments would not be reported to the credit

agencies and his property would not face foreclosure. Plaintiff, however, decided to continue making payments and simultaneously apply for a loan modification. Therefore, in or around February 2011, Plaintiff sent a complete loan modification application to GREEN TREE.

11. In or around April 2011, however, Plaintiff received a notice that his loan modification had been denied. Plaintiff immediately contacted Defendant and was informed by GREEN TREE'S representative, Erica Holderness, that his application had been denied because he was current on his payments.

12. Plaintiff asked Holderness what his other options were and Holderness replied that, if Plaintiff wanted a loan modification, the only option available to him was to miss payments. After Plaintiff expressed his concern to Holderness about missing payments, Holderness promised Plaintiff that, if he missed payments in pursuit of a loan modification, he would not be counted late to credit agencies and would not face foreclosure. Therefore, in reliance on Holderness' representations that missing payments was his only option and Holderness' promises about the effect of missed payments, Plaintiff ceased making payments, even though he was, at all times, ready, willing and able to continue making payments.

13. What followed was a lengthy process where Plaintiff was required to submit and resubmit countless documents at the request of Defendants. For example, Defendants required that Plaintiff increase his rental payments to qualify for a loan modification, which Plaintiff did. However, after doing so, Defendants unreasonably continued to make Plaintiff submit and re-submit the proofs of income. Plaintiff continued to submit and re-submit countless documents and was in the process of doing so, when Defendants sold Plaintiff's home on May 25, 2012 at an unlawful Trustee's Sale. The Property was reacquired by the beneficiary, BANK OF AMERICA, at the Trustee's Sale.

14. As a result of Defendants' conduct, Plaintiff's credit has been completely destroyed, Plaintiff's loan is inflated with late fees and charges, and Plaintiff lost his family home and now faces possible eviction by Defendants. This lawsuit follows.

# FIRST CAUSE OF ACTION
## Breach of the Covenant of Good Faith and Fair Dealing
(Against ALL Defendants)

15. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

16. Defendants' actions as set forth above constitute a breach of the covenant of good faith and fair dealing implied in every contract under California Law. This covenant creates an obligation in Defendants not to hinder or prevent Plaintiff's ability to perform under the contract. Likewise, the covenant prohibits Defendants from interfering with Plaintiff's enjoyment of the contract. Plaintiff alleges that Defendants both interfered with his ability to perform on the loan and interfered with his ability to enjoy the benefits of the loan agreement.

17. In 2007, Plaintiff refinanced his loan with BANK OF AMERICA. To secure the refinance, Plaintiff executed a Promissory Note and Deed of Trust in favor of BANK OF AMERICA. Defendant GREEN TREE acquired these duties and obligations, including the implied covenant of good faith and fair dealing, when it became the Trustee of Plaintiff's loan.

18. Until April 2011, Plaintiff substantially performed all of his obligations under the loan, making every loan payment in full and on time. In fact, Plaintiff only went late on his loan payments after Defendants, through its representative Holderness, instructed him to do so in order to apply for a loan modification and promised that it would not report Plaintiff late or foreclose on his property while Plaintiff was in loan modification review. In fact, according to California Civil Code §1511, when Defendants induced Plaintiff not to make payments under the Deed of Trust, Plaintiff's performance under the Deed was thereafter excused. As such, all conditions necessary for Defendant to fulfill its obligations under the contract had occurred.

19. No conditions existed that would interfere with Defendants performing under the contract, and all conditions necessary for Defendants to fulfill its obligations under the contract had occurred.

20. Pursuant to Section 1 of the Deed of Trust securing Plaintiff's loan, Plaintiff was required to make full and timely payments to his Lender in compliance with his financing agreement.

Defendants interfered with Plaintiff's ability to perform under this Section of the Deed of Trust by inducing Plaintiff not to make payments, through a series of false promises. Specifically, Plaintiff induced Plaintiff not to perform under the Deed of Trust by stating that Plaintiff must cease making payments and that, if he did so, he would not be counted late or face foreclosure.

21. Further, Defendants interfered with Plaintiff's ability to enjoy the benefits of the loan agreement. The benefit of the loan agreement to Plaintiff was that he would be allowed to purchase his property and make incremental monthly payments in repayment of that loan. However, by inducing Plaintiff not to pay, Defendants interfered with Plaintiff's right to receive these benefits because Plaintiff had now lost the ability to make incremental monthly payments and was, thus, forced to make huge lump payments instead.

22. Defendants' interference with Plaintiffs' contractual rights resulted in various harms including, but not limited to, the destruction of Plaintiffs' credit and the accumulation of excessive arrears on the Loan, expenditure of attorney's fees and the loss of Plaintiffs' Property. This harm was intentional and foreseeable from Defendants' interference.

## SECOND CAUSE OF ACTION
**Promissory Estoppel**
(Against ALL Defendants)

23. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

24. Defendants are liable under the doctrine of promissory estoppel if it induces Plaintiff to reasonably rely on a promise to Plaintiff's detriment.

25. In or around April 2011, Defendants, through their representative Holderness, unequivocally and clearly promised Plaintiff that, if he missed payments in pursuit of a loan modification, he would not be counted late to credit agencies and his house would not face foreclosure during the pendency of the loan modification review.

26. Plaintiff reasonably and detrimentally relied on Defendants' representations and stopped paying his monthly payments in order to apply for a loan modification. Plaintiff's reliance was

reasonable, as Defendants were the holders of Plaintiff's loan, and ostensibly possessed the requisite authority to forego foreclosure activity while reviewing the modification application.

27. Plaintiff relied upon Defendants' representation to his detriment, as his credit has been destroyed, and Plaintiff lost his home at an unlawfully conducted Trustee's Sale.

28. Given Defendants' promise not to foreclose upon Plaintiff's home while Plaintiff's loan modification was taking place and not to count Plaintiff late, and Plaintiff's reasonable and detrimental reliance upon these promises, justice requires that Defendant honor its promise not to foreclose upon Plaintiff's home while Plaintiff's modification application was being processed, unwind the Trustee's Sale, restore his title to the Property, and to repair his credit.

29. Additionally, as a result of Defendants' conduct, omissions, and representations, Plaintiff has suffered and continues to suffer harm including payment of excessive fees, a negative credit rating, and severe emotional distress.

30. Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION
**Wrongful Foreclosure – Violation of California Civil Code § 2924 *et seq.***
(Against ALL Defendants)

31. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

32. Defendants' conduct, as alleged above, constitutes acts or practices in violation of California Civil Code § 2924 *et seq*. In fact, the entire course of Defendants' conduct alleged above is an attempt to circumvent § 2924 *et seq.*

33. For example, Civil Code § 2924c requires the mortgagor be in breach of the obligation securing the mortgage before the mortgagee can invoke its power of sale. As Plaintiff was instructed to go late on his payments, he was not in breach of the loan agreement. Therefore, Defendants' institution of foreclosure proceedings pursuant to that statute was improper and a violation of the statute.

34. In addition, Civil Code § 2924c requires that the beneficiary know the nature of the breach, but herein the beneficiary did in fact not know the nature of the breach. On July 16, 2011, Defendants, as beneficiary under the Deed of Trust, caused to be recorded a Notice of Default, which contained an inaccurate amount of arrears inflated with late fees and attorneys' fees, which Defendants caused to be amassed by its own bad conduct in advising Plaintiff to go late on his mortgage.

35. Plaintiff has suffered substantial and irreparable injury as a result of Defendants' conduct. These violations of California Civil Code §§ 2924 *et seq.* entitle Plaintiff to an award of damages, in an amount to be established at trial, and attorney's fees.

36. Defendants are guilty of malice, fraud and/or oppression, as defined in California Civil Code § 3294. Defendants' actions were malicious and willful, in conscious disregard of the rights and safety of Plaintiff, and calculated to injure Plaintiff. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants pursuant to California Civil Code § 3294, in an amount according to proof.

## FOURTH CAUSE OF ACTION
### Breach of Contract
(Against ALL Defendants)

37. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

38. In 2007, Plaintiff refinanced his loan with BANK OF AMERICA. To secure the refinance, Plaintiff executed a Promissory Note and Deed of Trust in favor of BANK OF AMERICA. Defendant GREEN TREE acquired these duties and obligations and became a party to the Deed of Trust when it became the Trustee of Plaintiff's loan. Plaintiff alleges that Defendants breached the contract by initiating foreclosure proceedings against Plaintiff.

39. Pursuant to Section 22 of the Deed of Trust, in the event of a borrower default, the lender may accelerate all sums owned and invoke a power of sale ("Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument.") However, in this case, as Plaintiff was repeatedly advised not to make his

payments and to instead pursue a loan modification, his performance under the contract was waived/excused pursuant to Civil Code § 1511 and he was not in breach of the Deed of Trust. Despite this fact, however, Defendants proceeded forward with the foreclosure of Plaintiff's home, in clear breach of the Deed of Trust.

40. By reason of Defendants' breach of contract as alleged herein, Plaintiff has suffered actual damages including, but not limited to, the sale of his Property, costs expended in order to save his Property, inflated late fees and charges, and the destruction of his credit. Plaintiff is in danger of being evicted from his home and has been forced to secure the services of an attorney to prosecute this lawsuit.

## FIFTH CAUSE OF ACTION
### Reformation of Contract
(Against ALL Defendants)

41. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

42. Reformation may be had when, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties

43. Pursuant to Section 7(B) of the Adjustable Rate Note, a borrower will be in default if they do not pay the full amount of each monthly payment on the date it is due. This provision is unconscionable and needs to be reformed to prevent a lender from holding a borrower in default when the borrower has been instructed not to make payments, such as during a loan modification review. As it exists now, the provision allows Defendants to perpetrate a fraud by instructing a borrower to withhold payments as a regular part of the loan modification process and then holding the borrower in default for missing the very payments it instructed him to withhold.

44. In the case at hand, Defendants specifically utilized these provisions in order to wrongfully engineer a default against Plaintiff and to accumulate an insurmountable amount of arrears. Defendants instructed Plaintiff to withhold payments, and then listed in arrears those

payments, which they instructed Plaintiff not to make and added additional late fees and attorneys' fees.

45.     As such, the Adjustable Rate Note should be reformed. Plaintiff requests that this provision of the Adjustable Rate Note be reformed to state: "I will be in default if I do not pay on the day it is due, unless given other instructions by the lender."  Alternatively, Plaintiff requests the Court to reform this provision or other provisions of the contract, as it sees fit.

## SIXTH CAUSE OF ACTION
### Invasion of Privacy - False Light
(Against ALL Defendants)

46.     Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

47.     Defendants' conduct, as alleged above, constitutes an invasion of privacy by placing Plaintiff in false light.

48.     The essential elements for a claim of false lights are: (1) public disclosure of a fact about Plaintiff, (2) the fact was false and portrayed the Plaintiff in a false light, (3) the false light in which Plaintiff was placed would be highly offensive to a reasonable person, (4) the defendant had knowledge of its falsity, acted in reckless disregard of the falsity of the fact, or negligently failed to learn whether the fact publicized was false, (5) and the plaintiff suffered special damages.

49.     In the case at hand, Plaintiff was not in default when Defendants caused false information to be recorded in different credit agencies which portrayed Defendants in a false light.  However, Plaintiff was not in breach, and had only missed payments under the express promise by Plaintiff that he needed to do so and if he did so, he would not be reported late to the credit bureaus.  But for Defendants representations, Plaintiff would have continued to make his mortgage payments, which he was ready, willing and able to do.   Defendants knew that Plaintiff was not in default, or acted in reckless disregard of this fact, when it reported Plaintiff late to the credit bureaus.  Plaintiff was highly offended by this fact, as would be any reasonable person in Plaintiff's position.

50. As a result of Defendants' conduct in publishing the improper foreclosure, Plaintiff has suffered damages for loss of money and property. Such losses include, but are not limited to, overcharges of fees, incurred attorneys' fees, costs of saving the Property and loss of his Property, and destruction of credit, according to proof at trial and within the Court's jurisdiction.

## SEVENTH CAUSE OF ACTION
### Elder Financial Abuse Welfare and Institutions Code §15610 et seq.
(Against ALL Defendants)

51. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

52. As indicated in Plaintiff's causes of action for Breach of the Covenant of Good Faith and Fair Dealing, Promissory Estoppel, and Wrongful Foreclosure, the actions of Defendants, and each of them, constitute elder financial abuse as defined in the Welfare and Institutions Code §15610.30(a)(1).

53. At all times mentioned herein, Plaintiff was an "elder" within the meaning of Welfare and Institutions Code § 15610.27.

54. Defendants took, secreted, appropriated and/or retained real property of Plaintiff for a wrongful use and with the intent to defraud. Defendants' acts were and are being done in bad faith, as Defendants have taken Plaintiff's property by committing fraudulent acts.

55. Using the trust and relationship with Plaintiff, Defendants induced Plaintiff to cease making his mortgage payments and apply for a loan modification, unreasonably strung out the loan modification application process and then foreclosed on Plaintiff's home in spite of its assurances to Plaintiff that he would not face foreclosure during the pendency of his loan modification application. In addition, Defendants continually harassed Plaintiff for more information and documentation to support his loan modification application. Yet Plaintiff's compliance with Defendants continuous requests was never enough. Defendants allegedly needed more information and documentation, more than that asked of the normal loan modification applicant.

56. As a result of Defendants' actions, Plaintiff was injured and is entitled to actual damages including, but not limited to, loss of money and property including but not limited to losses

through overcharges and unlawfully unfavorable loan terms, incurred attorney's fees and costs to save his Property, a loss of reputation and goodwill, destruction of credit, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression, according to proof at trial but within the jurisdiction of this Court.

57. Plaintiff seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

**EIGHTH CAUSE OF ACTION**
**Negligent Misrepresentation**
(Against ALL Defendants)

58. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

59. Defendants' conduct, as alleged above, constitutes assertions, as facts, of that which is not true, by one who has no reasonable grounds for believing it to be true.

60. The elements of negligent misrepresentation under Civil Code § 1710(2) are: (1) the defendant makes a representation as to past or existing material fact; (2) the defendant made the misrepresentation without any reasonable grounds for believing it to be true; (3) the representation was made with the intent to induce the plaintiff to rely upon it; (4) the plaintiff was unaware of the falsity of the representation and acted in justifiable reliance on the representation; and (5) resulting damages.

61. First, Defendants represented to Plaintiff on numerous occasions that there would be no negative consequences for withholding mortgage payments as instructed by Defendants. Had Plaintiff not been reassured that he would not be counted late after he expressed concern, Plaintiff would not have withheld his regular mortgage payments. Second, Defendants had no reasonable grounds for believing its misrepresentations to be true since it was solely within its knowledge that they were counting Plaintiff late for each month Plaintiff withheld his mortgage payment while simultaneously reassuring Plaintiff that they would not do so. Third, the misrepresentations were designed to induce Plaintiff to withhold his payments since Plaintiff would not have done so otherwise since he had good credit and expressed his concerns about falling behind. Fourth,

Plaintiff was unaware of the falsity of the representation and only discovered its falsity after Defendants instituted foreclosure proceedings against Plaintiff's Property, contrary to Defendants' representations. And fifth, as a result of Defendants' misrepresentations, Plaintiff has suffered and continues to suffer damage to his credit, excessive late fees and charges, and the imminent sale of his Property.

62. Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

## NINTH CAUSE OF ACTION
**Unfair Competition – Violation of Business and Professions Code §§17200 *et seq.***
(Against ALL Defendants)

63. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

64. Defendants' conduct, as alleged above, constitutes unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 *et seq.* California Business and Professions Code § 17200 *et seq.* borrows violations from other statutes and laws and makes them unlawful to engage in as a business practice. Plaintiff's California Business and Professions Code § 17200 allegations are *tethered* to the following laws:

65. Defendants' breach of the covenant of good faith and fair dealing constitutes unfair competition under California Business and Professions Code § 17200 *et seq.*

66. Defendants' breach of contract constitutes unfair competition under California Business and Professions Code § 17200 *et seq.*

67. Defendants' violations of California Civil Code §§ 2924 *et seq.* constitute unfair competition under California Business and Professions Code § 17200 *et seq.*

68. Defendants' inducement of Plaintiff's detrimental reliance under the doctrine of promissory estoppel constitutes unfair competition under California Business and Professions Code § 17200 *et seq.*

69. Defendants' Invasion of Privacy constitutes unfair competition under California Business and Professions Code § 17200 *et seq.*

70. Defendants' Elder Financial Abuse constitutes unfair competition under California Business and Professions Code § 17200 *et seq.*

71. Defendants' Intentional Misrepresentation by Promissory Fraud constitutes unfair competition under California Business and Professions Code § 17200 *et seq.*

72. As a result of Defendants' wrongful conduct, Plaintiff has suffered various damages and injuries, including, but not limited to, loss of money and property including but not limited to incurred attorneys' fees and costs to save his home, the loss of his home due to the Trustee's Sale, a loss of reputation and goodwill, destruction of credit, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression.

73. Plaintiff seeks injunctive relief enjoining Defendants from engaging in the unfair business practices described herein.

74. Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

WHEREFORE, Plaintiff JAY TA-CHIEH YEH demands a trial by jury. Plaintiff prays for judgment and order against Defendants, as follows:

1. That judgment is entered in Plaintiff's favor and against Defendants;
2. For a preliminary and permanent injunction preventing Defendants, or anyone acting in concert with them from seeking to evict Plaintiff until the claims herein are resolved:
3. For an order setting aside the trustee's sale;
4. For damages, disgorgement, and injunctive relief;
5. For compensatory and statutory damages, attorneys' fees, and costs according to proof at trial;
6. For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct;
7. For an order stating that Defendants engaged in unfair business practices;

8. For an order that Defendants be required to repair Plaintiffs' credit;

9. For compensatory and statutory damages, attorneys' fees, and costs according to proof at trial;

10. For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct;

11. For a judgment determining that Defendant BANK OF AMERICA'S title claims to Plaintiffs' Property are without any right whatever and such defendants have no right, title, estate, lien, or interest whatever in the above-described property or any part thereof;

12. For such other and further relief as the Court may deem just and proper.

DATED: January 2, 2013              Respectfully submitted,

                                    THE MELLEN LAW FIRM


                                    _/s/ Matthew Mellen_____
                                    Matthew Mellen
                                    Attorneys for Plaintiff
                                    JAY TA-CHIEH YEH

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF