1  **AKERMAN SENTERFITT LLP**
   KAREN PALLADINO CICCONE (SBN 143432)
2  Email: karen.ciccone@akerman.com
   725 South Figueroa Street, 38th Floor
3  Los Angeles, CA 90017
   Telephone: (213) 688-9500
4  Facsimile: (213) 627-6342

5  TAYLOR L. BROADHEAD (SBN 268224)
   Email: taylor.broadhead@akerman.com
6  350 East Las Olas Boulevard, Suite 1600
   Fort Lauderdale, FL 33301
7  Telephone: (954) 463-2700
   Facsimile: (954) 463-2224

8
   Attorneys for Defendants
9  BANK OF AMERICA, N.A.

10                UNITED STATES DISTRICT COURT

11         NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

12

13  JAY TA-CHIEH YEH, an individual,           Case No. 3:12-cv-05940-EDL

14              Plaintiff,                      [Assigned to the Hon. Phyllis J.
                                                Hamilton]
15  v.
                                                **NOTICE OF MOTION AND**
16  BANK OF AMERICA, N.A., a business          **MOTION TO DISMISS**
    entity; GREEN TREE SERVICING, LLC,         **PLAINTIFF'S FIRST AMENDED**
17  a business entity; and DOES 1-100,         **COMPLAINT; MEMORANDUM OF**
    inclusive,                                 **POINTS AND AUTHORITIES;**
18                                              **[PROPOSED] ORDER**

19              Defendants.                     **[Fed. R. Civ. P. 12(b)(6)]**

20                                              Document Filed Herewith:
                                                1.  Request for Judicial Notice
21                                              2.  [Proposed] Order

22                                              Hearing Date: February 27, 2013
23                                              Time:          9:00 a.m.
                                                Ctrm.:         3
24
                                                Complaint Filed: October 22, 2012
25                                              Trial Date:      None

26

27

28

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

**TO THE COURT AND ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 27, 2013, at 9:00 a.m., or as soon thereafter as may be heard, in Courtroom 3 of the above-entitled Court located at 450 Golden Gate Ave., San Francisco, California 94102, defendant Bank of America, N.A. (**BANA** or **defendant**) will and hereby does move this Court to dismiss the first amended complaint (**FAC**) filed by plaintiff Jay Ta-Chieh Yeh (**plaintiff**), with prejudice.

This motion seeks dismissal under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, on the basis that it fails to state a claim upon which relief may be granted and the FAC is barred as a matter of law against BANA.

This motion is based upon this notice, the attached memorandum of points and authorities, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

Dated: January 15, 2013                    Respectfully submitted,

                                           **AKERMAN SENTERFITT LLP**


                                           By: *s/ Karen Ciccone*
                                                Karen Ciccone
                                                Taylor Broadhead
                                                Attorney for Defendants
                                                BANK OF AMERICA, N.A

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 — FAX: (213) 627-6342

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

2

# TABLE OF CONTENTS

3  I. INTRODUCTION ...................................................................................1

4  II. FACTUAL SUMMARY .........................................................................2

   III. LEGAL STANDARD ON MOTION TO DISMISS...................................3

5  IV. LEGAL ARGUMENT..............................................................................4

6     **A.**    The Failure to Tender Bars Plaintiff's Equitable Claims ...........4

7     **B.**    Plaintiff's Claims Each Fail Individually ...................................6

8           **1)**   Plaintiff's Claim for Breach of the Covenant of Good Faith
                      and Fair Dealing Fails..................................................6

9           **2)**   Plaintiff's Promissory Estoppel Claim Fails ...................9

           **3)**   Plaintiff's Claim for Violation of *Civil Code* Section 2924
10                    Fails.............................................................................11

           **4)**   Plaintiff's Breach of Contract Claim Fails ...................12

11          **5)**   Plaintiff's Reformation of Contract Claim Fails ...........13

12          **6)**   Plaintiff's False Light Claim Fails ...............................15

13          **7)**   Plaintiff's Elder Abuse Claim Fails...............................16

14          **8)**   Plaintiff's Negligent Misrepresentation Claim Fails......17

           **9)**   Plaintiff's Claim for Violation of *Business & Professions
15                    Code* § 17200 Fails ....................................................19

16  V. CONCLUSION .....................................................................................20

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Abdallah v. Un. Sav. Bank,*
  43 Cal.App.4th 1101 (1996)............................................................................. 6

*Abramson v. Juniper Networks, Inc.*
  115 Cal.App.4th 638 (2004)........................................................................... 14

*Alicea v. GE Money Bank,*
  No. C 09-00091 SBA, 2009 WL 2136969 (N.D. Cal. July 16, 2009) ...................... 5

*Anaya v. Advisors Lending Group,*
  No. CV F 09-1191 LJO DLB, 2009 WL 2424037 (E.D. Cal. Aug. 5, 2009)............. 5

*Anderson v. Angelone,*
  86 F.3d 932 (9th Cir. 1996)............................................................................. 3

*Arnolds Mgmt. Corp. v. Eischen,*
  158 Cal.App.3d 575 (1984)............................................................................. 5

*Ashcroft v. Iqbal*
  129 S.Ct. 1937, 1949 (2009) ........................................................................... 3

*Birdsong v. Apple, Inc.,*
  590 F.3d 955, 959-960 (9th Cir. 2009) ............................................................ 19

*Carma Developers (California), Inc. v. Marathon Development California, Inc.,*
  2 Cal.App.4th 342 (1992)................................................................................ 7

*Cel-Tech Comm. v. L.A. Cellular Tel. Co.,*
  20 Cal.4th 163, 180 (1999)............................................................................ 19

*Clegg v. Cult Awareness Network*
  18 F.3d 752, 754-755 (9th Cir. 1994) ............................................................... 3

*Fin. Sec. Assurance, Inc. v. Stephens, Inc.,*
  450 F.3d 1257 (11th Cir. 2006)........................................................................ 4

*G.D. Searle & Co. v. Superior Court*
  49 Cal.App.3d 22 (1975)............................................................................... 19

*Glen Holly Ent'mt, Inc. v. Tektronix, Inc.,*
  100 F. Supp. 2d 1086, 1101 (C.D. Cal. 1999) ................................................... 10

*Gutierrez v. Wells Fargo Bank,*
  No. C 08-5586 SI, 2009 WL 322915 at *5 (N.D. Cal. Feb. 9, 2009) ...................... 8

*Humboldt Sav. Bank v. McCleverty,*
  161 Cal.285 (1911)........................................................................................ 5

*In re GlenFed, Inc. Sec. Litig.*
  42 F.3d 1541, 1547-48 (9th Cir.1994) (en banc) .............................................. 18

*Jump v. Aurora Loan Servs. LLC, et al.,*
  No. 09 cv 189 W (NLS), 2009 WL 2020128 (S.D. Cal. July 10, 2009)................... 6

*Kajima/Ray Wilson v. Los Angeles County Metropolitan Transportation Authority,*
  23 Cal.4th 305, 1 P.3d 63 (2000) .................................................................... 9

*Karlsen v. Am. Savings & Loan Ass'n,*
  15 Cal.App.3d 112 (1971)............................................................................... 8

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*Khoury v. Maly's of Cal.*,
  14 Cal.App.4th 612, 619 (1993)..................................................................... 19

*Kim v. Sumitomo Bank*,
  17 Cal. App. 4th 974, 979 (1993) ................................................................... 9

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ........................................................................ 4

*Kruse v. Bank of America*,
  202 Cal.App.3d 38, 54 (1988) ........................................................................ 9

*Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.*,
  416 F.3d 940 (9th Cir. 2005)........................................................................... 4

*Locke v. Wells* Fargo,
  2010 WL 4941456
  *(S.D. Fla. Nov. 30, 2010)* .............................................................................. 10

*Lorenz v. Sauer*,
  807 F.2d 1509, 1511-12 (9th Cir. 1987) ....................................................... 17

*Lyons v. Bank of Am., NA*,
  11-01232 CW, 2011 WL 3607608 (N.D. Cal. Aug. 15, 2011)...................... 20

*Montoya v. Countrywide Bank*,
  No. C09-00641 JW, 2009 WL 1813973 (N.D. Cal. June 25, 2009)............... 6

*Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs.*,
  171 Cal.App.4th 35, 50 (Ct. App. 2009) ...................................................... 17

*Neilson v. Union Bank of Cal.*,
  290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) .............................................. 17

*Neubronner v. Milken*
  6 F.3d 666, 671-672 (9th Cir.1993) .............................................................. 18

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
  231 Cal. App. 3d 1089, 1096 (1991) .............................................................. 9

*Odinma v. Aurora Loan Services*,
  No. C-09-4674 EDL, 2010 WL 1199886 (N.D. Cal. Mar. 23, 2010)............. 6

*Parrino v. FHP, Inc.*,
  146 F.3d 699 (9th Cir. 1998)........................................................................... 4

*Pension Trust Fund for Operating Engineers v. Fed. Ins. Co.*,
  307 F.3d 944 (9th Cir. 2002) .......................................................................... 7

*Price v. Wells Fargo Bank*,
  213 Cal. App. 3d 465, 476 (1989)................................................................. 8, 9

*Racine & Laramie, Ltd., Inc. v. Dept. of Parks and Recreation*,
  11 Cal.App.4th 1026 (1992)............................................................................ 7

*Raedeke v. Gibralter Sav. & Loan Assn'n*,
  10 Cal.3d 665 (1974) ...................................................................................... 8

*Saldate v. Wilshire Credit Corp.*,
  686 F.Supp.2d 1051 (E.D. Cal. 2010)............................................................. 5

*Sanai v. Saltz*,
  170 Cal.App.4th 746 (2009) .......................................................................... 15

*Secrest v. Security Nat'l Mortgage*,
  167 Cal.App.4th 544 (2008) ........................................................................... 8

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*Storek & Storek, Inc. v. Citicorp Real Estate, Inc.,*
  100 Cal.App.4th 44 (2002).................................................................................. 7

*Tarmann v. State Farm Mutual Automobile Ins. Co.*
  2 Cal.App.4th 153 (1991).................................................................................. 18

*Toscano v. Greene Music,*
  124 Cal. App. 4th 685, 692 (2004)..................................................................... 9

*U.S. Cold Storage California v. Great W. Sav. & Loan Assoc.,*
  165 Cal.App.3d 1214 (1985)............................................................................... 5

*Vasquez v. L.A. County*
  487 F.3d 1246, 1258 (9th Cir. 2007).................................................................. 4

*Wall Street Network, Ltd. v. New York Times Co.,*
  164 Cal.App.4th 1171, 1178 (2008).................................................................. 12

*Williams v. Koenig,*
  219 Cal.656 (1934)............................................................................................. 5

**Statutes**

*Bus. & Prof. Code* § 17204................................................................................. 19

*Civil Code* § 1624 ................................................................................................. 8

*Civil Code* § 1698 ................................................................................................. 8

**Other Authorities**

4 Miller & Starr, Cal. Real Estate (2d ed. 1989) § 9:154 at 507-08 ................... 5

Miller & Starr, California Real Estate (3d ed. 2000),
  Deeds of Trust, § 10:212 .................................................................................. 6

**Rules**

Federal Rule of Civil Procedure 9(b)................................................................... 18

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Jay Ta-Chieh Yeh (**plaintiff**) obtained a $681,500 loan secured by a deed of trust on property located at 1231 Swordfish Street, Foster City, California 94404 in 2007. Plaintiff admittedly ceased making payments on his loan, and has not made a payment in over two years. Accordingly, foreclosure proceedings were initiated. Eventually, the property was sold at a trustee's sale in May 2012. Notwithstanding, plaintiff brings this lawsuit to set aside the trustee's sale and essentially award plaintiff a free home.

Plaintiff's boilerplate first amended complaint (**FAC**) alleges nine causes of action based on a vaguely asserted set of erroneous facts which bear little resemblance to the actual events surrounding the foreclosure of the property and loan at issue, the FAC fails to state a claim against Bank of America, N.A. (**BANA**) under any legal theory. Defendant's motion to dismiss should be granted with prejudice for various reasons, among them:

1. Plaintiff's claims are barred by his failure to tender the amount due on his loan;

2. Several of plaintiff's claims are premised on alleged advice provided by a representative from defendant Green Tree, not BANA, the alleged advice cannot form the basis for liability against BANA;

3. To the extent plaintiff's claims are premised on alleged oral representations, they are barred by the statute of frauds; and

4. Each of plaintiff's individual claims are vaguely pleaded, contradicted by the judicially noticeable documents, and insufficient to state a claim.

This case is straightforward: plaintiff knowingly obtained a loan that he could no longer afford, accepted the loan proceeds, and then admittedly defaulted on the loan. As a result, foreclosure was initiated and plaintiff now asks the Court to intercede to thwart the consequences of his own actions. Because plaintiff's FAC is fatally flawed,

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1    BANA respectfully ask that the Court grant its motion, and dismiss this action with
2    prejudice as to BANA.

## II.    FACTUAL SUMMARY

4           On or about November 8, 2007, plaintiff Jay Ta-Chieh Yeh (**plaintiff**) obtained a
5    loan from BANA for $681,500.00 (the **Loan**).  (FAC, ¶ 8; Request for Judicial Notice
6    (**RJN**), Ex. 1.)  The terms of the Loan were set forth in a promissory note (the **note**),
7    repayment of which was secured by a deed of trust (**deed of trust** or **DOT**) to real
8    property located at 1231 Swordfish Street, Foster City, California (the **property**).
9    (RJN, Ex. 1.)  The DOT identifies BANA as the lender and PRLAP, Inc. as the trustee.
10   (*Id.*)

11          By March of 2010, plaintiff had stopped making payments on his loan.  (RJN,
12   Ex. 2.)  Due to his continuing nonpayment, on or about June 15, 2011, Seaside Trustee,
13   Inc. (**Seaside**), as agent for the beneficiary under the DOT, executed a notice of default
14   and election to sale.  (RJN, Ex. 3.)  By that time, plaintiff's loan was already
15   $30,925.77 in arrears.  (*Id.*)

16          On or about July 18, 2011, Seaside was substituted as trustee under the deed of
17   trust. (RJN, Ex. 4.)  The substitution of trustee was recorded on October 5, 2011.

18          On the same day, Seaside, as substituted trustee, caused to be recorded a notice
19   of trustee's sale setting a sale date of October 28, 2011.  (RJN, Ex. 5.)  After several
20   postponements, the foreclosure sale ultimately went forward on May 25, 2012.  (RJN,
21   Ex. 6.)

22          Plaintiff filed this action on October 22, 2012, alleging a slew of erroneous
23   allegations against BANA.  Then, realizing that his complaint was meritless, plaintiff
24   filed his FAC based on the same underlying facts.  Plaintiff's FAC, however, is equally
25   deficient.  The majority of plaintiff's FAC is premised on the allegation that in 2011
26   plaintiff was induced to fall behind on his mortgage payments with the hope of
27   securing a loan modification.  (FAC, ¶ 10.)  Plaintiff's loan history, however, shows
28   that plaintiff ceased making payments on his mortgage in March 2010, over a year

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{25646153;1}                                    2                    CASE NO. 3:12-CV-05940-EDL

prior to when he was allegedly advised to stop making his payments. (RJN, Ex. 2.) Furthermore, the FAC frequently refers to actions or representations made by "defendant(s)" without identifying which defendant is meant. The FAC appears to be a form complaint, with little regard to the accuracy of the claims made.

Accordingly, BANA now moves to dismiss plaintiff's FAC.

## III.   LEGAL STANDARD ON MOTION TO DISMISS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

In *Iqbal*, the Supreme Court reviewed the standard for a pre-answer motion to dismiss. It explained that a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. This means that "naked assertions devoid of further factual enhancement" no longer suffice to state a claim. *Id.* (internal quotation omitted). What is more, the facts actually pled must give rise to a plausible claim for relief. *Id.* A formulaic recitation of the elements, because of its conclusory nature, is disentitled to a presumption of truth. *Id.* at 1951.

In general, the court may not consider material other than the facts alleged in the complaint when deciding a motion to dismiss. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996) ("A motion to dismiss ... must be treated as a motion for summary judgment ... if either party ... submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials."). However, the court may consider extrinsic documents when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss,

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

AKERMAN SENTERFITT LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    and the parties do not dispute the authenticity of the document...." *Knievel v. ESPN*,

2    393 F.3d 1068, 1076 (9th Cir. 2005); *see also Fin. Sec. Assurance, Inc. v. Stephens,*

3    *Inc.*, 450 F.3d 1257, 1264 (11th Cir. 2006) (An exception exists "in cases in which a

4    plaintiff refers to a document in its complaint, the document is central to its claim, its

5    contents are not in dispute, and the defendant attaches the document to its motion to

6    dismiss."). This exception is designed to "[p]revent [ ] plaintiffs from surviving a Rule

7    12 (b)(6) motion by deliberately omitting references to documents upon which their

8    claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[1]

9        Dismissal with prejudice is proper if "it is clear that the complaint could not be

10   saved by any amendment." *Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.*, 416

11   F.3d 940, 946 (9th Cir. 2005). In fact, a court can dismiss claims without granting

12   leave to amend if amending the complaint would be futile. *See Vasquez v. L.A. Cnty.*,

13   487 F.3d 1246, 1258 (9th Cir. 2007) ("Granting Vasquez leave to amend would have

14   been futile, and we hold that the district court did not err in preventing such futility.")

15                    **IV.   LEGAL ARGUMENT**

16   **A.   The Failure to Tender Bars Plaintiff's Equitable Claims**

17        Plaintiff's FAC seeks relief from what he claims is a wrongful foreclosure.

18   However, plaintiff's failure to tender the amount of the indebtedness renders any

19   foreclosure-related claims deficient. This Court has recently ruled concerning the

20   California's tender rule, that "under California law, '[a] valid and viable tender of

21   payment of the indebtedness owing is essential to an action to cancel a voidable sale

22   under a deed of trust.'" *Agbabiaka v. HSBC Bank USA Nat'l Ass'n*, No. C 09-05583

---

[1] Defendants submit Exhibit 2 pursuant to this doctrine. The authenticity of the payment statement is not reasonably disputed. Plaintiff relies on his allegation that he fell behind only because a Green Tree representative advised him to fall behind. Plaintiff, however, stopped making payments in March 2010, almost a year before the alleged representation by Green Tree. Plaintiff's payment history is central to his claims against BANA.

1   JSW, 2010 WL16009974, at *6 (N.D. Cal. April 20, 2010)) (quoting *Karlsen v.*

2   *American Savings and Loan Assoc.,* 15 Cal.App.3d, 112, 117-118 (1971)).

3       Before plaintiff can ask this Court to equitably set aside the foreclosure sale, he

4   must first "do equity" by tendering the amount he owed on the loan prior to the sale.

5   *See Humboldt Sav. Bank v. McCleverty,* 161 Cal. 285, 290-91 (1911); *Williams v.*

6   *Koenig,* 219 Cal. 656, 660 (1934); *U.S. Cold Storage Cal. v. Great W. Sav. & Loan*

7   *Ass'n.,* 165 Cal.App.3d 1214, 1222 (1985) (cited authority omitted); 4 Miller & Starr,

8   Cal. Real Estate (2d ed. 1989) § 9:154 at 507-08.

9       The "tender rule" applies not only to plaintiff's request to set aside the

10  foreclosure, but also to any causes of action that derive from the wrongful foreclosure

11  allegations or seek redress from foreclosure. *Arnolds Mgmt. Corp. v. Eischen,* 158

12  Cal.App.3d 575, 578-80 (1984). Thus, any cause of action implicitly integrated with

13  allegations of an irregular sale fails unless the trustor can allege and establish a valid

14  tender. *Id.* at 579. Because all of plaintiff's claims are fatally interwoven with his

15  allegation of an improper foreclosure, plaintiff's FAC fails as a matter of law.

16      The court in *Anaya v. Advisors Lending Group,* No. CV F 09-1191 LJO DLB,

17  2009 WL 2424037 (E.D. Cal. Aug. 5, 2009), specifically held the plaintiff's inability to

18  tender barred her claim for injunctive relief and every other claim supporting this

19  request, noting plaintiff "offer[ed] nothing to indicate that she is able to tender the debt

20  to warrant disruption of non-judicial foreclosure." *Anaya,* 2009 WL 2424037, at *10;

21  *see Saldate v. Wilshire Credit Corp.,* 686 F. Supp. 2d 1051, 1060-61 (E.D. Cal. 2010)

22  ("An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, **does**

23  **not state a cause of action which a court of equity recognizes**"; entitling MERS to

24  dismissal of **all** of plaintiffs' claims against it, including claims of negligence, fraud,

25  violation of *Business & Professions Code* § 17200, and wrongful foreclosure)

26  (emphasis added); *Alicea v. GE Money Bank,* No. C 09-00091 SBA, 2009 WL

27  2136969, at *3 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home

28  mortgage loan, and a foreclosure is *either pending or has taken place,* the debtor must

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 — FAX: (213) 627-6342

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500—FAX: (213) 627-6342

1  allege a credible tender of the amount of the secured debt to maintain any cause of

2  action for wrongful foreclosure.") (emphasis added); *Jump v. Aurora Loan Servs. LLC,*

3  *et al.*, No. 09 cv 189 W (NLS), 2009 WL 2020128, at *2 (S.D. Cal. July 10, 2009) ("A

4  party has not alleged sufficient facts to state a cause of action unless he has tendered

5  the obligation in full."); *see also Odinma v. Aurora Loan Servs.*, No. C-09-4674 EDL,

6  2010 WL 1199886, *2 (N.D. Cal. March 23, 2010) ("California district courts apply

7  the tender rule in examining wrongful foreclosure claims"); *Montoya v. Countrywide*

8  *Bank* , No. C09-00641 JW, 2009 WL 1813973, *11-12 (N.D. Cal. June 25, 2009)

9  ("Under California law, the 'tender rule' requires that as a precondition to challenging

10  a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower

11  must make a valid and viable tender of payment of the debt"); *Abdallah v. Un. Sav.*

12  *Bank*, 43 Cal.App.4th 1101, 1109 (1996); Miller & Starr, California Real Estate (3d ed.

13  2000), Deeds of Trust, § 10:212, pp. 653-54 ("Without an allegation of such tender in

14  the complaint that attacks the validity of the sale, the complaint does not state a cause

15  of action.").

16      Because plaintiff has not alleged tender, he cannot assert this action seeking

17  relief from the foreclosure sale.

18  **B.   Plaintiff's Claims Each Fail Individually**

19      Although this FAC should be dismissed for plaintiff's failure to tender alone,

20  each cause of action individually fails to state a claim.

21      **1)   Plaintiff's Claim for Breach of the Covenant of Good Faith and Fair**

22          **Dealing Fails**

23      Plaintiff's first cause of action alleges that BANA somehow breached the implied

24  covenant of good faith and fair dealing when A Green Tree representative allegedly,

25  "instructed him [plaintiff] to do so [default on his loan payments] in order to apply for a

26  loan modification...." (FAC., ¶ 18.)  The implied covenant depends upon express and

27  enforceable contractual terms.  "A plaintiff asserting a claim for breach of the implied

28  covenant of good faith and fair dealing must allege: (1) a contract existed; (2) the

{25646153;1}               6             CASE NO. 3:12-CV-05940-EDL

plaintiff did all, or substantially all, of the significant things the contract required; (3) the conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Carma Developers (California), Inc. v. Marathon Development California, Inc.*, 2 Cal.App.4th 342, 373 (1992). The implied covenant cannot create, expand or contradict contractual terms, no matter how seemingly unfair. *See, e.g., Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal.App.4th 44 (2002); *Racine & Laramie, Ltd., Inc. v. Dept. of Parks and Recreation*, 11 Cal.App.4th 1026, 1032, 1043-45 (1992). Moreover, "[n]o cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'" *Pension Trust Fund for Operating Engineers v. Fed. Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002).

Plaintiff's claim against BANA is premised on the allegation that a Green Tree representative tricked plaintiff into not making his mortgage payments because he was advised to stop making his mortgage payments in order to apply again for a possible loan modification. Plaintiff specifically alleges that BANA did not provide the advice. The only mention of such an allegation is against "Green Tree's employee, Erica Holderness." (FAC, ¶¶ 11-12; 18.) Furthermore, plaintiff claims that the advice was given after the denial of his loan modification application in April 2011. (*Id.*) However, plaintiff stopped making payments on his mortgage in March 2010 and has not made a single payment since. (RJN, Ex. 2.) Plaintiff's admitted default negates his claimed performance under the loan contract as required for a breach of the covenant of good faith and fair dealing, thus his claim should be dismissed.

As pointed out by plaintiff, "pursuant to Section 1 of the Deed of Trust" plaintiff explicitly agreed to "make full and timely payments to this Lender in compliance with his financing agreement." (FAC, ¶ 20.) The deed of trust specifically states that plaintiff's failure to make his monthly payment will result in default and foreclosure.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    (FAC, ¶ 39.) Plaintiff admittedly defaulted on his loan and has not made a payment
2    since 2010. (FAC, ¶ 10.) The covenant of good faith and fair dealing cannot be used
3    to expand or contradict the deed of trust. Thus, plaintiff's admission of failing to pay
4    his monthly payment defeats his claim under the covenant.

5    Moreover, to the extent plaintiff's claim is based on oral representations
6    modifying plaintiff's obligations under deed of trust, it violates the statute of frauds and
7    is barred. A mortgage or deed of trust with a power of sale falls under the statute of
8    frauds. *Civil Code* §§ 1624, 2922; *Secrest v. Sec. Nat'l Mortgage*, 167 Cal. App. 4th
9    544, 552-53 (2008). The alleged statements by the Green Tree representative, which
10   would constitute oral modifications of a written agreement, and are therefore
11   unenforceable. *Civil Code* § 1698. A gratuitous oral agreement, *i.e.*, one not supported
12   by consideration, is not sufficient to modify a loan obligation. *Raedeke v. Gibralter*
13   *Sav. & Loan Ass'n*, 10 Cal. 3d 665, 673 (1974). To be enforceable, the agreement is
14   required to not only be in writing, but also to be signed by the party to be charged.
15   Here, Green Tree's alleged statements regarding the potential for modification,
16   postponement of the foreclosure process, or consequences for failure to pay fall under
17   the statute of frauds—to be enforceable, the promises must be in writing. *Karlsen v.*
18   *Am. Savings & Loan Ass'n*, 15 Cal. App. 3d 112, 121 (1971) (oral agreement to extend
19   foreclosure period unenforceable). An alleged conversation between a Green Tree
20   representative and plaintiff cannot change the obligations memorialized in the note and
21   deed of trust.

22   Additionally, as a matter of law, plaintiff cannot establish a fiduciary
23   relationship between himself and BANA. *See Gutierrez v. Wells Fargo Bank*, No. C
24   08-5586 SI, 2009 WL 322915 at *5 (N.D. Cal. Feb. 9, 2009). California law holds that
25   there is no fiduciary duty between debtor and creditor. In *Price v. Wells Fargo*, the
26   court observed: "It has long been regarded as 'axiomatic that the relationship between a
27   bank and its depositor arising out of a general deposit is that of a debtor and creditor. A
28   debt is not a trust and there is not a fiduciary relation between debtor and creditor as

such.' The same principle should apply with even greater clarity to the relationship between a bank and its loan customers." *Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 979 (1993) (*quoting Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989)). A financial institution generally owes borrowers no duty, meaning an essential element of a claim for breach of the implied covenant of good faith and fair dealing cannot be established. *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). For these reasons, the cause of action must be dismissed with prejudice.

### 2) Plaintiff's Promissory Estoppel Claim Fails

Plaintiff's second cause of action for promissory estoppel relies on the same conclusory and false allegations as his claim for breach of covenant, i.e. that "defendants," through Green Tree representative Ms. Holderness, advised plaintiff to stop making his mortgage payments in order to apply for a loan modification and that the property would not be foreclosed on while he was reviewed. (FAC, ¶ 25.) Plaintiff's allegations are insufficient to state a claim for promissory estoppel against BANA.

The elements of promissory estoppel are: (1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages "measured by the extent of the obligation assumed and not performed." *Toscano v. Greene Music*, 124 Cal. App. 4th 685, 692 (2004). Promissory estoppel is "a doctrine which employs equitable principles to satisfy the requirement that consideration must be given in exchange for the promise sought to be enforced." *Kajima/Ray Wilson v. Los Angeles County Metropolitan Transportation Authority*, 23 Cal.4th 305, 310, 1 P.3d 63 (2000). "Plaintiff's misguided belief or guileless action in relying on a statement on which no reasonable person would rely is not justifiable reliance. . . . 'If the conduct of the plaintiff in the light of his own intelligence and information was manifestly unreasonable, . . . he will be denied a recovery.'" *Kruse v. Bank of America*, 202 Cal.App.3d 38, 54 (1988) (citation omitted). A mere "hopeful expectation[] cannot be equated with the necessary justifiable reliance." *Id.* at 55.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   Here, plaintiff alleges that he relied to his detriment on statements made by a

2   Green Tree representative.  Plaintiff, however, fails to allege a promise that is "clear

3   and unambiguous in its terms." *Laks*, 60 Cal.App.3d at 890; *Locke v. Wells* Fargo, 2010

4   WL *4941456, at *4 (S.D. Fla. Nov. 30, 2010)* (holding promissory estoppel claim fails

5   because the final monthly payment and other terms of the permanent modification were

6   undetermined). Plaintiff merely alleges that a Green Tree representative gave him

7   advice concerning a possible future loan modification.  Plaintiff does not allege that he

8   was promised a loan modification.  Plaintiff does not allege or specify the basic terms

9   of a clear and unambiguous offer of loan modification, such as interest rate, loan

10  duration, and method of repayment.  *Laks*, 60 Cal.App.3d at 891.  That fatal flaw does

11  not vanish merely because plaintiff asserts his claim as one for promissory estoppel

12  rather than one for breach of contract. *Glen Holly Ent'mt, Inc. v. Tektronix, Inc.*, 100 F.

13  Supp. 2d 1086, 1101 (C.D. Cal. 1999)  (granting motion to dismiss on promissory

14  estoppel claim because the "alleged promises do not have definite terms").

15  Plaintiff also alleges that "defendants" deceived him by promising that the

16  foreclosure process would be delayed while his modification application was under

17  review.  Plaintiff claims that he relied to his detriment on this alleged representation,

18  but fails to explain how his alleged reliance caused him any harm.  Plaintiff's claim of

19  detrimental reliance is contradicted by his admission that the foreclosure process was

20  delayed for over two years, and it was not until after several modification applications

21  were denied that the notice of default was recorded.  The modification application did

22  not prevent plaintiff from pursuing other remedies and alternatives or from taking any

23  other lawful measures to alleviate his debt obligations. Plaintiff could have pursued

24  other remedies and strategies whether or not he was being reviewed for a possible

25  modification.  If anything, the postponement of the foreclosure sale for two years

26  during the application process afforded plaintiff greater opportunity to save his

27  property and to deal with his default by enabling him to save money every month to put

28  toward other remedies and strategies and, at the same time, remain in the property.

1   Plaintiff simply cannot establish harm. The foreclosure was the result of plaintiff's

2   default under the terms of the loan and nothing more.

3          Moreover, plaintiff could not reasonably rely on oral representations that

4   modified the deed of trust, because, as discussed above, this would violate the statute

5   of frauds. Plaintiff has failed to state a claim and this cause of action should be

6   dismissed.

7          **3)**   **Plaintiff's Claim for Violation of *Civil Code* Section 2924 Fails**

8          Plaintiff's third cause of action is brought under Cal. *Civil Code* § 2924. Plaintiff

9   claims that somehow he was not in breach of his obligations under the deed of trust

10  prior to the invocation of the power of sale in violation of section 2924c. (FAC, ¶ 33.)

11  However, plaintiff admits that he failed to make his required loan payments and

12  specifically cites to the section of the deed of trust, which plaintiff executed, that

13  required plaintiff make "full and timely payments to his Lender" to comply with the

14  deed of trust. (FAC, ¶ 20.) The deed of trust explicitly grants the power of sale to the

15  trustee based on failure to make full and timely payments. (FAC, ¶ 39; RJN, Ex. 1.)

16  Plaintiff admits to defaulting on his loan, therefore based on the deed of trust, Seaside,

17  as substituted trustee, was authorized to initiate foreclosure proceedings, and plaintiff's

18  conclusory allegation otherwise is meritless.

19         Plaintiff further contends that BANA violated section 2924c by failing to

20  provide him with notice of the nature of the breach. (FAC, ¶ 34.) This contention is

21  contradicted by the notice of default which explicitly provided plaintiff with notice of

22  the nature of the breach. The notice of default states that "a breach of, and default in,

23  the obligations for which [the deed of trust] is security has occurred in that payment has

24  not been made of: **Installment of interest only payments which became due on**

25  **12/1/2010 plus late charges if any, and all subsequent interest, advances, late**

26  **charges and foreclosure fees and costs that become payable."** (RJN, Ex. 3

27  (emphasis in original).) Despite plaintiff's allegations to the contrary, the notice of

28  default provided plaintiff with notice of the nature of his breach. Plaintiff's additional

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{25646153;1}

11

CASE NO. 3:12-CV-05940-EDL

vague allegation that the amount in arrears stated on the notice of default was inflated because of improper late fees and attorneys' fees is also contradicted by the deed of trust. Plaintiff fails to specify what fees or costs were inflated or improper. Moreover, the deed of trust explicitly allows for the collection of late charges, foreclosure fees, and attorneys' costs in the event of breach by plaintiff. (RJN, Ex. 1.) Plaintiff's claim for violation of section 2924 is contradicted by the publicly recorded foreclosure documents and is entirely meritless, thus it should be dismissed with prejudice.

### 4) Plaintiff's Breach of Contract Claim Fails

Plaintiff claims that BANA breached the note and deed of trust by instituting foreclosure proceedings on the property. (FAC, ¶ 39.) Plaintiff seemingly ignores the fact that he defaulted on his loan and has not made a payment in more than two years. And foreclosure, including the power of sale, is explicitly provided in the event of plaintiff's default under the note, deed of trust, and California's nonjudicial foreclosure statutes. (FAC, ¶ 39; RJN, Ex. 1.)

Breach of contract in California requires a plaintiff to establish (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff. *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal.App.4th 1171, 1178 (2008). Plaintiff is simply unable to establish the necessary elements for a breach of contract claim.

Despite admitting to ceasing to make his mortgage payments, plaintiff claims that he did not default under the note and deed of trust. He claims that his failure to make his payments is excused because "plaintiff was repeatedly advised not to make his payments" and therefore, somehow, "he was not in breach of the deed of trust." (FAC, ¶ 39.) Plaintiff's claim is based on his allegation that after being denied a loan modification in April 2011, he was allegedly advised by Green Tree to stop making his mortgage payment in order to apply for another loan modification. (FAC, ¶ 10.) Plaintiff, however, ceased making payments on his mortgage in 2010, more than a year before the advice was allegedly given. (RJN, Exs. 2-3.) Plaintiff cannot allege his

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   performance or an excuse for his nonperformance under the note and deed of trust, thus

2   his claim for breach of contract fails.

3   Likewise, plaintiff is unable to plead a breach by BANA. It is clear that the note

4   and deed of trust contemplate the initiation of foreclosure procedures, including the

5   right to accelerate and invoke the power of sale, in the event the borrower defaults

6   under the instruments. (FAC, ¶ 39; RJN, Ex. 1.) Plaintiff admits to failing to make his

7   monthly payments, thus defaulting under the note and deed of trust. Based on

8   plaintiff's admitted default, BANA did not breach the agreement by initiating the

9   foreclosure process or invoking the power of sale, and plaintiff's breach of contract

10  claim fails.

11  Furthermore, as discussed above, plaintiff's allegations of oral representations to

12  modify his original loan obligations are barred by the statute of frauds.

13  Because plaintiff's claims are barred by the statute of frauds, he is unable to

14  plead his performance, or a breach by BANA, plaintiff's claim should be dismissed

15  with prejudice.

16  **5)    Plaintiff's Reformation of Contract Claim Fails**

17  Conceding that he defaulted on his loan obligations and foreclosure was proper

18  under the note and deed of trust, plaintiff attempts to save his complaint by alleging

19  that section 7(B) of the note, which states that a borrower will be in default if they fail

20  to pay the full amount of each monthly payment by the due date, was unconscionable.

21  (Compl., ¶ 59.) Plaintiff's attempt to salvage his FAC fails.

22  As an initial matter, plaintiff's request for reformation due to unconscionability is

23  barred by the statute of limitations. *See Yerkovich v. MCA, Inc.*, 11 F.Supp.2d 1167

24  (C.D. Cal. Feb. 24, 1997) ("the applicable statutory period for an unconscionability

25  claim [is] four years."). The California statute of limitations for claims based on a

26  written contract is four years. *See Civ. Proc. Code* § 337(1). Additionally, California's

27  catch-all statute of limitations is also four years. *See Civ Proc. Code* § 343 ("An action

28  for relief not hereinbefore provided for must be commenced within four years after the

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 — FAX: (213) 627-6342

1  cause of action shall have accrued."). An unconscionability claim accrues "when the

2  allegedly unconscionable contract is formed." *Yerkovich*, 11 F.Supp.2d at 1173. Here,

3  the contract was formed in November 2007. Plaintiff filed his complaint in October

4  2012, almost a year late. As a result, plaintiff's unconscionability defense is barred by

5  the statute of limitations. However, even if it were not barred by the statute of

6  limitations, plaintiff's claim still fails.

7      In California, unconscionability has a procedural and substantive aspect. *See,*

8  *e.g.*, *Abramson v. Juniper Networks, Inc.*, 115 Cal.App.4th 638, 655 (2004).

9  Procedural unconscionability refers to the manner in which a contract is negotiated,

10  including the surrounding circumstances, the relevant factors being oppression and

11  surprise. *Id.* at 655. Here, plaintiff does not allege any facts related to the

12  circumstances in which the loan was negotiated.

13      Moreover, plaintiff does not claim that the definition of default was in any way

14  "hidden" from him. *See Parada v. Superior Court*, 176 Cal.App.4th 1554, 1573

15  (2009). He also cannot allege that he was without many realistic alternatives to taking

16  out a loan from BANA. *See id.* As a result, plaintiff cannot demonstrate procedural

17  unconscionability.

18      Plaintiff's allegations are also insufficient to demonstrate substantive

19  unconscionability. Substantive unconscionability refers to the terms of the agreement,

20  specifically whether they "shock the conscience." *Abramson*, 115 Cal.App.4th at 655.

21  Plaintiff does not explain how defining failure to make required monthly payments

22  under the loan as a default would possibly "shock the conscience."

23      Plaintiff does not dispute that he read the note and deed of trust and willingly

24  agreed to their terms. BANA is not required to assume that plaintiff did not understand

25  his requirements under the agreement when he gave no indication that that was the

26  case. Furthermore, plaintiff does not allege how the definition of default was unfair or

27  different from the legally accepted standard practice in the mortgage industry.

28      Finally, no matter how unsophisticated a borrower may be, it is self-explanatory

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    that the failure to make required loan payments will result in default.   Plaintiff's

2    nonsensical allegation that the loan is unconscionable because the note states that

3    failure to make required monthly payments will result in default has no merit.

4         For these reasons, plaintiff's claim fails as a matter of law and should be

5    dismissed without leave to amend.

6    **6)    Plaintiff's False Light Claim Fails**

7         Plaintiff claims that the initiation of nonjudicial foreclosure, including the

8    recording of public notices and providing allegedly false information to different credit

9    agencies, constituted an invasion of privacy by placing plaintiff in a false light.  (FAC,

10   ¶ 49.)  Plaintiff's false light invasion of privacy claim fails as a matter of law.

11        Plaintiff's allegations do not support a false light invasion of privacy claim.  As

12   explained in the foregoing sections, plaintiff admittedly defaulted under the loan and

13   mortgage agreement, entitling defendants to begin nonjudicial foreclosure proceedings.

14   Therefore, nothing contained in the notice of default was false as a matter of law.

15        Furthermore, as to plaintiff's claim concerning BANA allegedly providing false

16   information to credit reporting agencies, plaintiff's claim is preempted by the Fair

17   Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (**FCRA**).  *See El-Aheidab v. CitiBank,*

18   *NA*, No. 3:11-cv-02588-MMA-(BGS), 2012 WL 871321, at *6-9 (N.D. Cal. Feb. 15,

19   2012) ("[A] plaintiff cannot sustain a state common law or statutory claim related to

20   duties set forth in section 1681s-2 [relating to the responsibilities of persons who

21   furnish information to consumer reporting agencies], **even if plaintiff alleges**

22   **defendant reported false information with malice or willful intent to injure**.").  To

23   the extent plaintiff's false light case of action is based on allegations that "Defendant"

24   furnished false information to the credit reporting agencies, it is clearly preempted by

25   15 U.S.C. § 1681t(b)(1)(F).  Not only does the text of FCRA compel this result, it is

26   also the holding in recent analogous cases. *See El-Aheidab*, 2012 WL 871321, at *6-9;

27   *see also Miller*, --- F. Supp. 2d ---, 2012 WL 871321, at *6-8; *Sanai v. Saltz*, 170

28   Cal.App.4th 746 (2009) ("[Section] 1681f(b)(1)(F) totally preempts all state common

AKERMAN SENTERFITT LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{25646153;1}                                    15                       CASE NO. 3:12-CV-05940-EDL

law tort claims against furnishers of credit information arising from conduct regulated by 15 U.S.C. § 1681s-2," including plaintiff's slander and libel common law claims).

### 7)    Plaintiff's Elder Abuse Claim Fails

Plaintiff's seventh cause of action for elder abuse is based on the same demonstrably false allegations as plaintiff's previous claims and therefore fails for the reasons discussed throughout this motion.  Furthermore, plaintiff fails to plead the elements for an elder abuse claim.

Financial elder abuse is defined in *Welf. & Inst. Code* § 15610.30(a), which provides:

> "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following: (1) Takes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both. (2) Assists in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both."
> *Id.,* § 15610.30(a)(1)-(2).

Plaintiff has not pled an actionable claim of elder abuse against BANA here. Plaintiff does not identify anything BANA did to actually defraud him, even though an elder abuse theory, as a statutory claim, should be pled with particularity.  *Covenant Care, Inc. v. Superior Court*, 32 Cal.4th771, 790 (2004); *Carter v. Prime Healthcare*, 198 Cal.App.4th 396, 407 (2011).   The FAC does not specify **(a)** a false statement, **(b)** at a specific time, **(c)** a basis to believe such a statement was made with intent to defraud, **(d)** by an identified person, **(e)** acting with authority for BANA that he relied upon in failing to make his loan payments.  At most, the FAC pleads that a Green Tree representative provided advice concerning a possible loan modification.   Providing advice, however, does not constitute elder abuse.  Furthermore, plaintiff alleges the advice to stop making his payments was made in April 2011, but plaintiff stopped making payments in 2010, more than a year prior to the alleged representation by Green Tree.   Likewise, plaintiff admits that his loan was reviewed for a loan

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1  modification, but ultimately it was found to not qualify.  A loan failing to qualify for a

2  loan modification also does not constitute elder abuse.

3          Nor does the FAC plead that property was wrongfully taken from plaintiff.

4  Plaintiff admits to defaulting on his loan and the recorded documents evidence that the

5  foreclosure process was handled properly.  Any harm experienced by plaintiff was the

6  result of his own actions in defaulting on his loan and failing to bring his loan current,

7  not any actions by BANA.

8      **8)    Plaintiff's Negligent Misrepresentation Claim Fails**

9          Plaintiff's misrepresentation claim is premised on the allegation that "Defendants

10 represented to Plaintiff on numerous occasions that there would be no negative

11 consequences for withholding mortgage payments..." (FAC, ¶ 61.)  Plaintiff admits

12 that the only representations made were made by Green Tree, not BANA.  Plaintiff is

13 simply unable to satisfy the elements for negligent misrepresentation against BANA.

14 To state a claim for negligent misrepresentation, a plaintiff must allege (1) the

15 misrepresentation of a past or existing material fact, (2) without reasonable ground for

16 believing it to be true, (3) with intent to induce another's reliance on the fact

17 misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting

18 damage. *Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs.*, 171 Cal.App.4th

19 35, 50 (Ct. App. 2009).   Just as with intentional misrepresentation, claims for

20 "negligent misrepresentation must meet Rule 9(b)'s particularity requirement." *Neilson*

21 *v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *see also Lorenz v.*

22 *Sauer*, 807 F.2d 1509, 1511-12 (9th Cir. 1987) ("Under California law, negligent

23 misrepresentation is a species of actual fraud...").

24          Initially, plaintiff's claim fails because, based on plaintiff's own allegations, there

25 was no misrepresentation.  Plaintiff concedes that his loan modification applications

26 were reviewed and denied.  (FAC, ¶¶ 11-13.)  When plaintiff was unable to provide

27 sufficient proof of income, his loan modification application was finally denied and the

28 nonjudicial foreclosure process was initiated.  (FAC, ¶ 13.)  Therefore, as allegedly

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1   promised, the foreclosure was put on hold while plaintiff's loan modification

2   application was reviewed. From the time of plaintiff's admitted default in March 2010,

3   to the finalization of the nonjudicial foreclosure process in May 2012, the foreclosure

4   process was delayed for over two years. Plaintiff's loan modification application was

5   reviewed, but ultimately his loan failed to qualify – this is insufficient for a

6   misrepresentation claim. BANA was not required to provide plaintiff with a loan

7   modification and plaintiff has pointed to no authority to the contrary. Moreover, the

8   alleged promise to not initiate foreclosure in the future does not constitute a

9   misrepresentation about a "past or existing material fact."

10   Furthermore, plaintiff's misrepresentation claim lacks merit because BANA

11   cannot be liable for "negligent" misrepresentation. As discussed previously, BANA

12   owes plaintiff no duty of care. A lender pursues its own economic interests in lending

13   money, not that of the borrower. *Nymark*, 231 Cal.App.3d at 1096

14   As a species of fraud, plaintiff's negligent misrepresentation claim must comply

15   with Rule 9(b). Rule 9(b) provides that "a party must state with particularity the

16   circumstances constituting fraud." "A pleading is sufficient under Rule 9(b) if it

17   identifies the circumstances constituting fraud so that the defendant can prepare an

18   adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th

19   Cir. 1993). "The complaint must specify such facts as the times, dates, places, benefits

20   received, and other details of the alleged fraudulent activity." *Id.* at 672. Moreover, a

21   plaintiff must set forth an explanation of how or why alleged statements or

22   concealment are false or misleading. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541,

23   1547-48 (9th Cir.1994) (en banc). Further, when asserting fraud against a corporation,

24   a plaintiff must also specifically allege the names of the persons, their authority to

25   speak, to whom they spoke, what they said or wrote, and when it was said or written.

26   *See Tarmann v. State Farm Mutual Automobile Ins. Co.*, 2 Cal.App.4th 153, 157

27   (1991). The policy of liberal construction of the pleadings will not be invoked to

28   sustain a pleading alleging fraud. *G.D. Searle & Co. v. Superior Court*, 49 Cal.App.3d

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{25646153;1}

18

CASE NO. 3:12-CV-05940-EDL

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

22, 29 (1975); *Lazar v. Superior Court*, 12 Cal.4th at 645.   Plaintiff does not come close to meeting the pleading requirements of Rule 9(b) with respect to BANA. Plaintiff merely alleges, conclusorily, that various "defendants" or "defendant" made representations to plaintiff.  Plaintiff does allege that a Green Tree representative made certain representations.  Plaintiff fails to demonstrate, however, any wrongdoing on the part of BANA, or to meet the particularity requirements for pleading fraud.  Plaintiff also fails to allege how he relied on the purported representations, such that he was caused damage.   Any damages suffered were a result of plaintiff's admitted default under the deed of trust, not any actions of BANA.

Plaintiff fails to allege a cause of action for fraud under any theory.  Plaintiff's misrepresentation claim should be dismissed with prejudice.

### 9)   Plaintiff's Claim for Violation of *Business & Professions Code* § 17200 Fails

Plaintiff's ninth cause of action is brought under California's Unfair Competition Law (**UCL**), Cal. *Bus. & Prof. Code* § 17200, *et seq*.   The UCL establishes three forms of unfair competition: (1) unlawful, (2) unfair, or (3) deceptive or fraudulent.   *Cel-Tech Comm. v. L.A. Cellular Tel. Co.,* 20 Cal.4th 163, 180 (1999).  Facts supporting a § 17200 claim must be pled with reasonable particularity.  *Khoury v. Maly's of Cal.,* 14 Cal.App.4th 612, 619 (1993).

Plaintiff does not actually allege any new facts under his UCL claim, instead incorporating by reference every allegation asserted before it and listing his previous causes of action.  (FAC, ¶¶ 63-71.)   Plaintiff's UCL claim is the total opposite of a pleading with "reasonable particularity."   As merely a restatement of plaintiff's previously failed claims, his UCL claim fails for all other reasons asserted throughout this motion.

Moreover, a plaintiff must have suffered an injury-in-fact and have lost money or property as a result of the unfair act. *Bus. & Prof. Code* § 17204; *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959-960 (9th Cir. 2009).  Though plaintiff alleges he suffered

monetary damages, he merely mentions that these "include attorneys' fees and costs to save his home." (FAC, ¶ 72.)  Plaintiff fails to allege how any claimed damages are the result of BANA's purportedly unfair acts.  Fees, interest, and penalties assessed as a result of default cannot properly constitute damages under the UCL, particularly because plaintiff could have avoided the damages.  *Lyons v. Bank of Am., NA*, 11-01232 CW, 2011 WL 3607608 (N.D. Cal. Aug. 15, 2011) ("a lowered credit score and having to defend against a wrongful foreclosure proceeding, even if caused by Defendants, could have been avoided if Plaintiffs had made timely mortgage payments.").  To the extent plaintiff relies on the loss of his property, it is similarly insufficient to prove damages under the UCL.  Plaintiff lost his property as a direct result of his default under the deed of trust, not any actions by BANA.

For these reasons, plaintiff's UCL claim should be dismissed with prejudice.

## V. CONCLUSION

Plaintiff's FAC fails to allege any claims for relief.  The claims themselves all fail and are legally and factually deficient.  BANA respectfully requests the Court grant its motion to dismiss without leave to amend.

Dated: January 15, 2013

Respectfully submitted,

**AKERMAN SENTERFITT LLP**


By: *s/ Karen Ciccone*
    Karen Ciccone
    Taylor Broadhead
    Attorney for Defendants
    BANK OF AMERICA, N.A

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4    I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, California 90017.

5    On January 15, 2013, I served the following document(s) described as:

6

7    **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AUTHORITIES; [PROPOSED] ORDER**

8

9    **\*\*\*SEE ATTACHED SERVICE LIST\*\*\***

10

11   ☐   (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

12

13

14

15   ☐   (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

16

17

18

19   ☐   (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

20

21

22   ☐   (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

23

24   ☒   (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

25

26

27

28

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{25646153;1}                                    i                          CASE NO. 3:12-CV-05940-EDL

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

☒   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed below by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐   (State)       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **January 15, 2013**, at Los Angeles, California.

| | |
|---|---|
| Karen Ciccone | /s/ Karen Ciccone |
| (Type or print name) | (Signature) |

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1

## __SERVICE LIST__

2

*Yeh v. Bank of America, N.A., et al.*

3

United States District Court, Northern District of California (San Francisco)

4

Case No. 3:12-cv-05940-EDL

5

6

7   Matthew D. Mellen, Esq.
    Jessica Galletta, Esq.
8   Sarah Adelaars, Esq.
    THE MELLEN LAW FIRM
9   411 Borel Avenue, Suite 230
    San Mateo, California 94402
10

11  *Counsel for plaintiff Jay Ta-Chieh Yeh*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT